PHILIP ROSENBERG, Appellant, *v.* SYRACUSE NEWSPAPERS, INC., Respondent, Impleaded with MANUEL GINGOLD, Defendant.

Fourth Department, June 30, 1936.

*Jesse E. Kingsley,* for the appellant.

*John H. Hughes,* for the respondent.

EDGCOMB, J. On August 16, 1934, plaintiff was struck by an automobile owned and operated by the defendant Manuel Gingold at the intersection of Walnut avenue and Harrison street in the city of Syracuse. Claiming that Gingold, who was employed as district manager of one of the substations of the Syracuse Newspapers, Inc., was acting within the general scope of his employment at the time of the accident, plaintiff brought this action in the Municipal Court of the City of Syracuse against both master and servant to recover the damages which he sustained. The jury held both defendants liable, but the trial court set the verdict against the Syracuse Newspapers, Inc., aside, and dismissed the complaint as to that defendant. The County Court has affirmed the judgment entered on said order of dismissal, and the plaintiff has appealed to this court.

There is sufficient evidence to warrant a finding that the accident was caused solely by Gingold's negligence. The difficulty in sustaining plaintiff's verdict against the Syracuse Newspapers, Inc., lies in the fact that at the time of this unfortunate occurrence, Gingold was not engaged in the service of his employer, but rather on business of his own.

The Syracuse Newspapers, Inc., is engaged in the publication, sale and distribution of the Syracuse *Journal* throughout the city of Syracuse and surrounding territory. Gingold's substation was located in the easterly portion of the city, and his work consisted of supervising the distribution of papers in his area, collecting money from the newsboys, checking up cancellations, and picking up unsold newspapers and bringing them back to the substation. He used his own car in connection with his work.

Shortly after five o'clock P. M. on the day in question, Gingold started for home to get his supper. He lived on Renwick avenue, a good two miles west of the substation, and was driving his own car. When he reached the intersection of Walnut avenue and Harrison street, four blocks from his home, he collided with the plaintiff. While he had some papers in his car which he intended to take back to the substation after supper, and while he intended to return later in the evening for canvass night, the fact stands conceded that from the time he picked up the newspapers at the corner of Croly and Genesee streets, over a mile from his home, he was traversing a route which had no connection with any business of his employer, or with his duties for that corporation, and that he was using his own car for his own personal convenience, and as a means of transportation to his own home for a purpose in no way connected with his duties to his master.

Under these facts it is quite apparent that, at the time of the accident, Gingold had abandoned his master's work, and was engaged in an independent enterprise of his own. He was as much a stranger to his employer as any third person, and his act cannot be regarded as that of his employer. (*Reilly* v. *Connable*, 214 N. Y. 586; *Riley* v. *Standard Oil Co.*, 231 id. 301; *Benevento* v. *Poertner Motor Car Co.*, 235 id. 125; *O'Brien* v. *Stern Brothers*, 223 id. 290; *Der Ohannessian* v. *Elliott*, 233 id. 326; *Matter of Marks* v. *Gray*, 251 id. 90; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 id. 489; *Matter of Clark* v. *Voorhees*, 231 id. 14; *Matter of Johnson* v. *Smith*, 263 id. 10; *Matter of Schultz* v. *Champion W. & Mfg. Co.*, 230 id. 309.)

Plaintiff does not even have the benefit of the presumption which would arise if the car had been licensed in the name of Syracuse Newspapers, Inc.

The relation of master and servant having been temporarily suspended, the trial court very properly set aside the verdict against the respondent.

The difficulty which confronts us on this appeal, however, lies in the fact that the trial judge not only set the verdict aside, but dismissed the complaint.

Respondent had moved for a nonsuit at the end of plaintiff's case, and again at the close of all the evidence. The court did not reserve its decision, but denied both motions. The matter was thus finally disposed of, and became a closed book. The jury returned a general verdict, and not one subject to the opinion of the court, as provided for in section 461 of the Civil Practice Act. Respondent did not renew its motion for a nonsuit, but asked to set aside the verdict and for a new trial, upon all the grounds specified in section 549 of the Civil Practice Act.

If this action had been brought and tried in the Supreme Court, there would have been no authority to dismiss the complaint after the verdict had been rendered, if defendant's motion for a nonsuit had been denied, and had been finally disposed of. (*Bail* v. *N. Y., N. H. & H. R. R. Co.*, 201 N. Y. 355; *Dougherty* v. *Salt*, 227 id. 200; *Griffith* v. *Southfield Beach R. R. Co.*, 240 App. Div. 845.)

But it is urged that the practice in the Municipal Court of Syracuse is different from that of the Supreme Court, and that the trial court had ample authority for the procedure which was followed by section 7 of the Syracuse Municipal Court Code (Laws of 1928, chap. 187). This section relates to the jurisdiction of the court, and subdivision 6 gives the court power " to grant a nonsuit during or *after* trial."

This provision undoubtedly gives the Municipal Court authority to grant a nonsuit after the trial has been concluded where a motion for such relief has been made during the progress of the trial, and has been reserved, or where such a motion is made after the trial has closed, but it does not go far enough to permit the granting of such a motion on the trial judge's own initiative, and without any application on the part of the defendant for such relief. Here the respondent asked for a new trial; not for a dismissal of the complaint. A party is only entitled to such relief as he seeks. There was no motion for a nonsuit before the court. Orderly procedure will not countenance the practice which was followed here.

For the reasons stated, the judgment appealed from should be modified by striking out the provision dismissing the complaint, and by providing for a new trial, with costs to appellant to abide the event, and as thus modified affirmed, without costs.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment modified so as to provide for the granting of a new trial, with costs to the appellant to abide the event, instead of dismissing the complaint, and as modified affirmed, without costs.