RAYMOND NATELL, an Infant under the Age of Fourteen Years, by His Guardian ad Litem, FRANK PATTERSON, and FRANK PATTERSON, Individually, Respondents, v. TAYLOR-FICHTER STEEL CONSTRUCTION COMPANY, ABRAHAM DUBENSKY and DANIEL A. LEAVY, Appellants, Impleaded with ABNER ROSENBERG, Defendant.

Second Department, November 6, 1939.

*H. H. Brown,* for the appellant Taylor-Fichter Steel Construction Company.

*Abraham Dubensky [Manton Marks* with him on the brief], for the appellants Dubensky and Leavy.

*Samuel I. Osofsky,* for the respondents.

HAGARTY, J. On the 25th day of December, 1934, the infant plaintiff, hereinafter referred to as the plaintiff, then fourteen years of age, was a passenger in an automobile owned and operated by one William J. Fichter as it was proceeding southerly on the Albany post road at or about the town of Fishkill. An icy snow was falling and the road was very slippery. As the Fichter car approached the crest of a hill it skidded, and thus out of control of the driver, went a distance of some two hundred feet down the hill and crashed into an automobile owned by defendant Leavy and operated by defendant Dubensky. The judgment represents recoveries for plaintiff's injuries and for medical expenses.

Immediately prior to this accident, the Dubensky car, which had been proceeding northerly along the same highway, had also skidded and come to a stop on the opposite or westerly side of the road. Plaintiff and defendant Dubensky agree that, prior to the arrival of the Fichter car at the crest of the hill, the Dubensky car was at a standstill, entirely off the concrete highway and facing south. These two, together with a passenger in the Dubensky car whose testimony coincides with theirs, were the only eye-witnesses to the accident, with the exception of Fichter, who died prior to the trial. In the light of this proof, it is clear that no negligence on the part of Dubensky contributed to the happening of the accident, irrespective of any negligence on his part which may have caused the automobile he was driving to skid prior to the impact and come to a standstill in the position described. Even if the car operated by Dubensky were partly on the concrete and partly on the shoulder of the road, as found by witnesses who appeared at the scene after the impact, no basis would be afforded for claimed negligence on

the part of Dubensky in the light of the fact that the Fichter car skidded for a considerable distance downhill and crashed into the standing automobile.

The doctrine of *respondeat superior* is invoked to render liable defendant Taylor-Fichter Steel Construction Company. Fichter had been in charge of two bridges in course of construction by that corporation at North Tonawanda. Some two weeks prior to the accident, he had invited the plaintiff to accompany him on his trip to North Tonawanda, and was returning to the New York office of the corporation. Plaintiff proved that Fichter, at the time, was vice-president and secretary of the corporation, which knew that he used the automobile on his journeys to and from North Tonawanda. Independent of salary, Fichter received $500 a month for his expenses. This was " for anything that might come up," and included transportation. Sometimes Fichter went to North Tonawanda by train. There was no itemization of his expenses. This expense money was received by Fichter irrespective of the jobs he was supervising, and had been voted at a meeting at which it was decided that both the president and vice-president were to receive $500 a month for expenses, although the president did no traveling at all.

The proof establishes that the use of this automobile was not a requirement of the corporation, and instead, that its use was solely at the option of Fichter, whose expense account would have remained the same whether or not he made use of the automobile. There was no direction or control thereof by the corporate defendant. (*Fritz* v. *Krasne*, 273 N. Y. 649; *Dunne* v. *Contenti*, 256 App. Div. 833.) In addition, the act of Fichter in inviting the plaintiff to ride in his automobile was clearly without the scope of his duties as an officer of the corporation. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Clark* v. *Harnischfeger Sales Corporation*, 238 App. Div. 493.)

For the foregoing reasons, on appeal by defendants Dubensky and Leavy, the judgment in favor of plaintiffs and against said defendants should be reversed on the law and the facts, and the complaint dismissed on the law, with costs; and on appeal by defendant Taylor-Fichter Steel Construction Company, the judgment in favor of plaintiffs and against that defendant should be reversed on the law, and the complaint dismissed, with costs.

JOHNSTON and TAYLOR, JJ., concur; LAZANSKY, P. J., concurs in result; CLOSE, J., concurs in reversal of the judgment and dismissal of the complaint as to defendants Abraham Dubensky and Daniel A. Leavy, but dissents from the reversal of the judgment and dismissal of the complaint as to defendant Taylor-Fichter Steel Construction Company, and votes to affirm as to said defendant.

On appeal by defendants Abraham Dubensky and Daniel A. Leavy, judgment in favor of plaintiffs and against said defendants reversed on the law and the facts, and complaint dismissed on the law, with costs.

On appeal by defendant Taylor-Fichter Steel Construction Company, judgment for plaintiffs and against· that defendant reversed on the law, and complaint dismissed, with costs.