VITO PASSANANTE and JOSEPH PASSANANTE, Respondents, v. ROTHENBERG CRULLER BAKERY, INC., Appellant.— In an action for damages for personal injuries sustained by an infant plaintiff as the result of defendant's negligence, and by his father for loss of services and expenses, judgment for plaintiffs reversed on the law, with costs, and complaint dismissed on the law, with costs. Plaintiffs' proof was solely to the effect that the infant plaintiff was openly and regularly employed by the defendant for a long period of time up to and including the day of the accident. This employment and procurement by defendant of compensation insurance were the sole issues presented by the proof. On the question of fact as to employment the trial court found in favor of the defendant that the infant plaintiff was not its employee. In any event, it was established that at the time of the happening of the accident no cause of action against the

employer had accrued to the infant plaintiff pursuant to section 11 of the Workmen's Compensation Law, as the employer had insured its chauffeurs and helpers. There could be no recovery against the defendant because of the invitation of the driver in the absence of a showing that the defendant had authorized the driver, expressly or impliedly, to invite the infant plaintiff on the truck. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Natell* v. *Taylor-Fichter Steel Construction Co.*, 257 App. Div. 764; affd., without opinion, 283 N. Y. 737; *Clark* v. *Harnischfeger Sales Corporation*, 238 App. Div. 493.) The only proof of authorization was that of the alleged employment which, however, was rejected by the trial court. The authority of *Ferro* v. *Sinsheimer Estate, Inc.* (256 N. Y. 398) is not applicable as there was no proof here of services casually rendered as distinguished from regular employment and no proof independent of regular employment of authorization by the defendant to its driver to have the infant plaintiff on the truck. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.