RAYMOND I. GITLIN, Respondent, v. ISRAEL PINTOV et al., Defendants, and NOSTRAND & EMPIRE GARAGE, INC., Appellant.

Supreme Court, Appellate Term, Second Department, March 28, 1962.

*Emanuel Morgenbesser* and *Sidney J. Loeb* for appellant. *Stanley I. Cohen* and *Walter Wodinsky* for respondent.

*Per Curiam.* The act of appellant's night man in leaving its garage premises with a customer's automobile for the purpose of obtaining coffee was not an act within the scope of his employment so as to render appellant liable for its employee's negligence and the consequent damage to plaintiff's parked automobile (Restatement, Agency, § 229, subd. [2], par. [c]; 57 C. J. S., Master and Servant, § 570; *Rosenberg* v. *Syracuse Newspapers,* 248 App. Div. 294). There is not a scintilla of proof that the taking of the customer's automobile was with appellant's authorization or consent. The uncontradicted evidence establishes that such employee had in fact abandoned his employment at the time of the occurrence (*Ford* v. *Grand Union Co.,* 268 N. Y. 243; *Sauter* v. *New York Tribune,* 305 N. Y. 442).

While appellant has merely asked for a new trial herein, we are disposed to dismiss the complaint since all available facts are in the record and no useful purpose would be served by a new trial (cf. *Grace* v. *Dry Dock Sav. Bank,* 3 A D 2d 556).

The judgment, insofar as it is against appellant Nostrand & Empire Garage, Inc., should be unanimously reversed, with $30 costs to appellant and complaint dismissed with appropriate costs in the court below.

Concur — HART, BROWN and BENJAMIN, JJ.

Judgment reversed, etc.