■ CATHERINE RIGBY, Respondent, v. DOMINICK DE LUCA et al., Appellants, et al., Defendants.— In a negligence action to recover damages for personal injury, the defendants Charles Bialor and Manuel Braunstein (doing business as Power Produce Co.) and the defendant Dominick De Luca, appeal from a judgment of the Supreme Court, Queens County, entered May 18, 1964 after trial upon a jury's verdict of $20,000 against them in the plaintiff's favor. [The remaining named defendants, Clarence F. Simms and Jack Braunstein, were not served with process and did not appear in the action.] Judgment modified on the law and the facts, as follows: (1) by striking out from the decretal paragraph the provision directing recovery by the plaintiff against the defendants Charles Bialor and Manuel Braunstein, doing business as Power Produce Co.; and (2) by adding a new decretal paragraph dismissing, without costs, the amended complaint as to the said two defendants, Bialor and Manuel Braunstein. As so modified the judgment is affirmed, with costs against the defendant De Luca in favor of the plaintiff. In our opinion, the record squarely presented issues of fact for determination by the jury: (1) as to whether the automobile which struck the plaintiff was owned by the defendant De Luca; (2) as to whether, at the time of the accident, it was being operated by the

defendant Simms with De Luca's consent; (3) as to whether the operator, defendant Simms, was guilty of negligence; and (4) as to whether plaintiff was free from contributory negligence. We also believe that upon such issues the jury's findings in plaintiff's favor are not against the weight of the evidence; hence, such findings may not be overruled. We have concluded, however, that, as to the defendants Bialor and Manuel Braunstein, the record is devoid of any proof which would support the finding that at the time of the accident the defendant Simms, who operated the automobile (owned by defendant De Luca) which struck the plaintiff, and who was an employee of the defendants Bialor and Braunstein, was acting within the scope or in the course of his employment. The proof is uncontradicted that Simms was using the automobile on a private mission, wholly unrelated to his employment. Hence, at the time of the accident there was no relationship of master and servant and, as a matter of law, there is no basis for imposing liability upon the said defendants Bialor and Braunstein for the injuries caused by the negligence of the defendant Simms (*Smith* v. *Fonda*, 265 App. Div. 977, app. dsmd. 294 N. Y. 655; *Rosenberg* v. *Syracuse Newspapers*, 248 App. Div. 294). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.