## BERTOLOTTI *v.* MACOMB COUNTY

1. AUTOMOBILES—NEGLIGENCE—GOVERNMENTAL TORT LIABILITY ACT
—MOTOR VEHICLE OWNERSHIP.

   A political subdivision is liable for damages resulting from the negligent operation of a motor vehicle by its employee if that subdivision is the owner of that vehicle (MCLA § 691.1405).

2. AUTOMOBILES—NEGLIGENCE—MOTOR VEHICLE OWNER—DEFINITION
—MOTOR VEHICLE CODE.

   "Owner" of a motor vehicle means any person, firm, association or corporation renting a motor vehicle, or having exclusive use of it, under a lease or otherwise, for longer than 30 days (MCLA § 257.37).

3. AUTOMOBILES — NEGLIGENCE — MOTOR VEHICLE — OWNER — RENTING — COMMON CONSTRUCTION.

   "Renting", as used in the motor vehicle code definition of "owner", must be construed by the courts according to its common and approved dictionary meaning, in the absence of any statute or case law defining that term (MCLA § 257.37).

4. AUTOMOBILES — MOTOR VEHICLE OWNER — RENTING — DICTIONARY DEFINITION.

   "Renting" as used in the motor vehicle code definition of "owner", means to take and hold under an agreement to pay rent (MCLA § 257.37; Webster's Third New International Dictionary).

5. AUTOMOBILES—NEGLIGENCE—COUNTIES—MOTOR VEHICLE OWNERSHIP—MILEAGE PAYMENTS.

   Defendant county was not the owner of a motor vehicle negligently operated by defendant employee merely because it paid to that employee mileage to compensate her for the use of her own automobile in the course of her county employment where

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 38 Am Jur, Municipal Corporations §§ 612, 613.
[2–4, 6] 8 Am Jur 2d, Automobiles and Highway Traffic § 603.

the county neither took, nor held, nor had, exclusive use of that motor vehicle as required by the motor vehicle code definition of owner (MCLA § 257.37).

6. AUTOMOBILES—OWNER—EMPLOYEE'S VEHICLE—EMPLOYER'S PAYMENT OF MILEAGE—MOTOR VEHICLE CODE.

An employer's payment of mileage to an employee for the use of that employee's motor vehicle in the employer's business does not make that employer the owner of that vehicle within the motor vehicle code definition of owner (MCLA § 257.37).

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 November 6, 1969, at Detroit. (Docket No. 5,366.)    Decided November 25, 1969.

Complaint by Angeline Bertolotti, for herself and as next friend of Kenneth Bertolotti and Louis Bertolotti, Jr., against the County of Macomb, Frederick C. Pommerenk and Marion Alma Pommerenk for damages resulting from an automobile collision. Judgment for defendant county. Plaintiffs appeal. Affirmed.

*Calvin C. Rock* (*Norman L. Zemke,* of counsel), for plaintiffs.

*Blomberg & Snapp,* for defendant Macomb County.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

QUINN, J. Plaintiffs' complaint alleged that on December 9, 1966, their motor vehicle was struck by a motor vehicle owned by Frederick Pommerenk and driven by Marion Pommerenk in the course of her employment by defendant county. Plaintiffs further

alleged that they suffered injuries as a result of the negligent operation of the Pommerenk vehicle.

Individual defendants answered and admitted ownership and operation of their vehicle. They further admitted that the accident occurred while Marion Pommerenk was in the course of her employment by defendant county.

Defendant county moved for accelerated judgment, GCR 1963, 116. The motion admitted that the Pommerenk vehicle was owned by Frederick Pommerenk and that it was being driven by Marion Pommerenk in the course of her employment by defendant county at the time of the accident. However, defendant county alleged that at the time of the accident, Marion Pommerenk was not driving a vehicle owned by the county and that under the provisions of MCLA § 691.1401 *et seq.* (Stat Ann 1969 Rev § 3.996[101] *et seq.*), the county was immune from liability. Plaintiffs filed an affidavit alleging that the county paid Marion Pommerenk mileage to compensate her for the use of the vehicle and thus the county was the owner under MCLA § 257.37 (Stat Ann 1968 Rev § 9.1837).

At the hearing on the motion, it was not disputed that the county paid Marion Pommerenk mileage. The trial court granted the county's motion and plaintiffs appeal.

MCLA § 691.1401 *et seq.* (Stat Ann 1969 Rev § 3.996[101] *et seq.*) establishes the liability of the state and its political subdivisions for negligence. Pertinent here is § 691.1405 which reads:

"Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No 300 of the Public Acts of 1949, as amended, being

sections 257.1 to 257.923 of the Compiled Laws of 1948."

MCLA § 257.37 (Stat Ann 1968 Rev § 9.1837) reads:

" 'Owner' means: (a) Any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days."

Neither the statute nor case law defines "renting". In construing the statute, we are bound to give that word its common and approved meaning. MCLA § 8.3a (Stat Ann 1969 Rev § 2.212[1]) ; *American Telephone & Telegraph Company* v. *Employment Security Commission* (1965), 376 Mich 271. Webster's Third New International Dictionary defines renting as the present participle of rent, and it defines rent as "To take and hold under an agreement to pay rent". Here the county neither took, nor held, nor had, exclusive use of the Pommerenk vehicle. It was not an owner as defined by MCLA § 257.37 (Stat Ann 1968 Rev § 9.1837).

We also note that the Supreme Court held in *Brown* v. *Cleveland Tractor Co.* (1933), 265 Mich 475, under identical statutory wording that payment of mileage by an employer to an employee for use of the employee's vehicle in the employer's business did not make the employer an owner within the statute.

Affirmed. No costs are allowed, defendant county not having filed a brief on time.

All concurred.