25 N.Y.2d 467 (1969)
Margaret M. Lundberg, as Administratrix of The Estate of John H. Lundberg, Deceased, Respondent,
v.
State of New York, Appellant. (Claim No. 46678.)
Court of Appeals of the State of New York.
Argued October 10, 1969.
Decided December 4, 1969.
Louis J. Lefkowitz, Attorney-General (Peter J. Dooley, Jr. and Ruth Kessler Toch of counsel), for appellant.
John Marshall Gorman and John C. Ward for respondent.
Chief Judge FULD and Judges BERGAN, BREITEL, JASEN and GIBSON concur with Judge SCILEPPI; Judge BURKE dissents and votes to affirm in a separate opinion.
*469 SCILEPPI, J.
John H. Lundberg, claimant's husband, was killed on the morning of February 14, 1966 when his car was struck by an auto owned and operated by John Sandilands, an employee of New York State. There is no dispute as to the facts and there is no question that the death was caused solely by the negligence of Sandilands. The only issue raised by this appeal is whether Sandiland's negligence can be imputed to his employer, the State of New York, the defendant in this action.
Sandilands was employed as a Senior Engineering Technician by the New York State Department of Public Works. He was permanently based in Buffalo where he also resided. However, since March of 1965 he had been assigned to the Allegheny Reservoir Project near Salamanca, about 80 miles from Buffalo.
Due to the great distance between the reservoir and Buffalo, Sandilands found it necessary to stay at a hotel in Salamanca during the work week. Generally, at the end of his work day on Friday, Sandilands would drive home to Buffalo to spend the *470 weekend with his family, and on Monday morning he would drive back to the reservoir in order to arrive there before the start of his work day. The State reimbursed him for his living expenses while he was away from home and, in addition, paid him 9 cents a mile to cover the expenses of the trip. He was not paid for the time he spent traveling to and from the site, and if he arrived late on Monday morning, the time he missed would be deducted from his vacation or sick leave.
On Monday, February 14, 1966, at 7:30 A.M. Sandilands was driving back to the reservoir from Buffalo after a holiday weekend. While attempting to pass a truck, his car skidded and struck the car driven by Lundberg, head on. Lundberg died as a result of the injuries he sustained in the accident.
Sandilands applied for and was granted Workmen's Compensation benefits for the injuries which he suffered in the accident. Claimant, Lundberg's widow, brought an action for pain and suffering and wrongful death against Sandilands and a similar action against the State, as Sandilands' employer. The action against Sandilands was settled for $20,000. The one against the State went to trial and resulted in a judgment for more than $73,000. The Appellate Division, Fourth Department, unanimously affirmed and the State is appealing by permission of this court from the order of affirmance.
The sole issue presented by this appeal is whether the State of New York should be held liable, pursuant to the doctrine of respondeat superior, for the pain and suffering and wrongful death caused by its employee's negligence. It is our opinion that Sandilands was not acting in the scope of his employment while driving from Buffalo to his work site and that, therefore, the complaint against the defendant State should have been dismissed.
Under the doctrine of respondeat superior, an employer will be liable for the negligence of an employee committed while the employee is acting in the scope of his employment (Sauter v. New York Tribune, 305 N.Y. 442). An employee acts in the scope of his employment when he is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities (Zeglen v. Minkiewicz, 12 N Y 2d 497; *471 Becker v. City of New York, 2 N Y 2d 226; Ramsey v. New York Cent. R. R. Co., 269 N.Y. 219; Reilly v. Connable, 214 N.Y. 586; Roberts v. Gagnon, 1 A D 2d 297).
As a general rule, an employee driving to and from work is not acting in the scope of his employment (Smith v. Fonda, 265 App. Div. 977, app. dsmd. 294 N.Y. 655; 4 N. Y. Jur., Automobiles, §§ 475-476; 52 A. L. R. 2d 290, 303). Although such activity is work motivated, the element of control is lacking. An exception to this rule is, that an employee who uses his car in furtherance of his work is acting in the scope of his employment while driving home from his last business appointment, since such a person is working, and is under his employer's control, from the time he leaves the house in the morning until he returns at night (Shauntz v. Schwegler Bros., 259 App. Div. 446; contra, Rosenberg v. Syracuse Newspapers, 248 App. Div. 294; cf. Cooke v. Drigant, 289 N.Y. 313). In the instant case, however, the employee was not driving his car in furtherance of his work at the time of the accident. He was engaged in an independent personal activity over which the State had no control. Thus, the general rule applies.
The case of Natell v. Taylor-Fichter Steel Constr. Co. (257 App. Div. 764, affd. 283 N.Y. 737) is in point. In that case a corporate officer, Fichter, was assigned to management duties at an up-State construction project. Fichter apparently had duties at both the New York office and the construction site and as a result found that periodic travel was necessary. He was given $500 monthly for expenses which he received whether or not he travelled. While on one trip between New York and the construction site he was involved in an accident which resulted in injury to a passenger in his car. The passenger brought an action against the corporate employer. The Appellate Division dismissed the complaint finding that Fichter was not acting in the scope of his employment since he had voluntarily chosen to drive and since the corporate employer had no power of control. This court affirmed, without opinion.
Whereas in Natell the issue of whether the employee was acting in the scope of his employment was apparently considered as one of fact, in the instant case it is our opinion that it has been established, as a matter of law, that Sandilands was not acting in the scope of his employment. Firstly, Sandilands was *472 not driving to satisfy an obligation he owed to his employer but solely to satisfy his personal desire to visit his home in Buffalo. Moreover, the State clearly did not have the power to control Sandilands' activities after the close of work on Friday until the commencement of work on Monday. During these hours, Sandilands was free to do as he pleased. He could have chosen to remain in Salamanca or in the alternative to travel by any available means, to any place he desired, including Buffalo. In our opinion the mere fact that the State had agreed to pay Sandilands' travel expenses, in the form of a mileage allowance, did not bestow in it any right of control. To hold that by simply paying his travel expenses to his home the State opened itself to liability for any tortious act he might commit while traveling between Buffalo and the work site would be patently unfair and beyond the scope of the doctrine of respondeat superior (Restatement, 2d, Agency, § 239; see, 52 A. L. R. 2d 290, 325).
The several cases cited by respondent (e.g., Matter of Fisher v. Otis Elevator Co., 28 A D 2d 598, affd. 22 N Y 2d 665; Matter of Theyken v. Diplomat Prods., 243 App. Div. 822, affd. 268 N.Y. 658; Matter of Frick v. Rouse Constr. Corp., 19 A D 2d 685) for the proposition that an employee who is injured while driving to or from a temporary work assignment is entitled to Workmen's Compensation benefits are not applicable to this case. Workmen's Compensation was created to prevent injured workmen from becoming "objects of charity" and to make reasonable compensation for injuries and death caused by job related activities regardless of fault (Matter of Kaplan v. Zodiac Watch Co., 20 N Y 2d 537; Matter of Post v. Burger & Gohlke, 216 N.Y. 544). It is necessary for an employee seeking to obtain compensation benefits to establish only that his injury was caused by an activity related to his job, whereas the doctrine of respondeat superior has clearly not received such wide application because of the requirement that the employee be under the control of the employer at the time of the injury. We are, therefore, not bound by the precedents established by our cases which have affirmed Workmen's Compensation awards under similar circumstances.
Accordingly, the order of the Appellate Division should be reversed and the claim against the defendant dismissed.
*473 BURKE, J. (dissenting).
The real issue presented in this case is whether there is any basis in precedent or policy for distinguishing between an employee's acts in the "course of" his employment and an employee's acts in the "scope of" his employment. The majority cites no authority for the distinction for the very good reason that an examination of the cases indicates that the courts of this State have used the phrases interchangeably in both negligence and workmen's compensation cases (see, e.g., Riley v. Standard Oil Co., 231 N.Y. 301, 304; Michigan Mut. Liab. Co. v. State of New York, 31 A D 2d 780; see, also, Cooner v. United States, 276 F.2d 220, 229-230 [4th Cir.] [applying New York law in a suit brought under the Federal Tort Claims Act]). In fact, in Shauntz v. Schwegler Bros. (259 App. Div. 446), cited by the majority, the court cited seven workmen's compensation cases dealing with the phrase "course of employment" as authority for its decision on the issue of "scope of employment". It is clear then that there is no such clear-cut dichotomy between the legal content of the phrases as the majority opinion would seem to indicate. The workmen's compensation cases are relevant here not because we are somehow "bound" by them but because they point the way to a reasonable and consistent conclusion with respect to the employer's liability in a negligence action arising from an accident which has already been held to have occurred in the "course of" the employee's employment.
Of particular relevance in this case, as distinguished from the vague and theoretical question of "right to control", is the test for liability posited by former Chief Judge CARDOZO in Matter of Marks v. Gray (251 N.Y. 90, 93-94): "The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own" (citation omitted).[*] The undisputed facts in the present case clearly *474 indicate that that test has been met. Sandilands' temporary employment at a work site 80 miles from his permanent station and home in Buffalo created the necessity for his travel between Buffalo and the work site. While so traveling, he was clearly acting in furtherance of his employment and this has already been determined by the fact that he has been awarded compensation benefits for the injuries which he received in that same accident. The mere fact that his traveling back and forth was motivated by his desire to see his family occasionally in no way detracts from the fact that the trips would not have been made at all had it not been for his assignment to a distant work site.
In addition, it should be recognized that the fact that the State paid Sandilands' travel expenses for these trips is significant not because it has any relation to some theoretical "right to control" but precisely because it indicates that the State recognized that Sandilands' employment necessitated such travel and acquiesced in his use of his own automobile for that travel. Thus, it is difficult to conclude that it would be somehow "unfair" to impose liability on the State for its employee's negligence when the State itself necessitated the use of the instrumentality through which the death of the claimant's intestate occurred. Was it "unfair" to impose the same liability on the employers involved in Burdo v. Metropolitan Life Ins. Co. (254 App. Div. 26); Ulm v. Western Union Tel. Co. (258 App. Div. 776), and Schwindt v. Thompson (249 App. Div. 639)? If it had been considered unfair, the liability presumably would not have been imposed and there is no logical reason for treating the State of New York differently in the present case. Accordingly, the order of the Appellate Division should be affirmed.
Order reversed, without costs, and the claim dismissed.
NOTES
[*] The citation omitted, Clawson v. Pierce-Arrow Motor Car Co. (231 N.Y. 273), is illustrative of the equivalency of the two phrases sought to be distinguished here since that case involved a common-law negligence issue as to whether the employee was "engaged in the employer's business" at the time of the accident. Matter of Marks v. Gray (supra) has in turn been cited in negligence cases such as Shauntz (supra) and Rosenberg v. Syracuse Newspapers (248 App. Div. 294), both cited by the majority.