■    MARY C. DOUGLAS et al., Respondents, v JOHN J. HUGERICH et al., Defendants, and DENBY's INC., Appellant. (Action No. 1.) SCOTT A. DAKE, Respondent, v CAROLYN G. HUGERICH et al., Defendants, and DENBY's INC., Appellant. (Action No. 2.)—Appeal from an order of the Supreme Court at Special Term, entered October 18, 1978, in Schenectady County, which denied appellant's motion to dismiss the complaints or, in the alternative, for summary judgment.* The plaintiff was allegedly injured as the result of the operation of a motor vehicle by the defendant, Carolyn G. Hugerich. The complaint alleges that at the time of the accident Hugerich was "acting as an agent, servant and employee, in the business of her employer, defendant Denby's Inc. [appellant]". Appellant moved for an order dismissing the complaint, and the issue presented at Special Term and again upon this appeal is whether or not Hugerich was in the course of her employment at the time of the accident. The record contains evidence that there was an office in Menands, New York, for Hugerich, but that her employment required considerable traveling for her employer and that she was reimbursed for such travel. On the day of the accident, Hugerich had been assigned by her employer to assist for one day only in the opening of a store in Glens Falls. The employer did not provide transportation and the record does not establish that any means of transportation other than her automobile was anticipated. It is undisputed that Hugerich had used automobile transportation on other occasions and had been given a mileage reimbursement. In particular, she was informed on the day in question that she would be given a mileage reimbursement for her necessary travel. Hugerich traveled to Glens Falls in her car and when her supervisor determined that her mission was accomplished he released her for the day. The accident occurred as she was driving to her home. The appellant insists that because Hugerich's employment duties at the store premises had ended and she was on her own time just traveling home, there was no employer control and *respondeat superior* is inapplicable as a matter of law. This is not the usual

---

* At the oral argument, this court was informed that Action No. 1 had been settled and, accordingly, that portion of the appeal relating to Action No. 1 is moot.

action of an employee using her own automobile to go back and forth to work. The law is well established that in such circumstances the employee is not acting for or on behalf of the employer so as to attach liability. The affidavit of Robert Baltuch of April, 1978 states in part as follows: "At that time, Mrs. Hugerich was a salaried employee, and was occasionally required to make trips between various DENBY's stores. On those occasions, she would use her own car, and was reimbursed by DENBY's for mileage alone at a standard rate." For the purpose of this motion, the affidavit seems to imply that Denby's acquiesced in the use of her automobile on its business. The defendant Carolyn G. Hugerich states without contradiction in her affidavit of August 29, 1978: "That in the regular course of your deponent's duties within the Monday-to-Friday time structure as set forth above, your deponent visits various stores of her employer, which trips are frequently initiated from the district center in Menands where your deponent has her office, and your deponent's employment continues en route to and from said stores, and she is reimbursed therefor when using her own vehicle and the same applies with regard to her trips to the New York market." As previously observed, these "visits" by the defendant are not the run of the mill going to and from her home, but rather, circumstances where she was on direct business for her employer. At least, from the somewhat meager record before us, it would constitute an issue of fact which should be decided by a jury. In *Makoske v Lombardy* (47 AD2d 284, 287, affd 39 NY2d 773), it was noted that a determination of the scope of employment "depends upon the particular facts in each case and a difference in degree will produce different results. Ultimately, 'the answer depends upon a consideration of what the servant was doing, and why, when, where and how he was doing it.' *(Riley v Standard Oil of N. Y.,* 231 NY 301, 304.)* Added to this consideration of *respondeat superior* is the further requirement that the employer 'is, or could be exercising some control, directly or indirectly, over the employee's activities' *(Lundberg v State of New York,* 25 NY2d 467, 470).*" As noted by Special Term, *Lundberg v State of New York (supra)* is not dispositive of the present factual situation. There, the employee was away from home for an extended period of time and returned weekends, which was not in furtherance of his employment at the time of the accident. For the purpose of this motion, the affidavits herein more closely fit within the framework of *Makoske v Lombardy (supra).* Order affirmed, with costs to defendants Hugerich. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.

