George H. Meares 1313 Sherman St. Room 518 Denver, CO 80203
Dear Mr. Meares:
This opinion letter is written in response to your inquiry about the liability of a state agency and the agency's employees for injuries incurred by private citizens as a result of an automobile accident in which the state employee was driving his motor vehicle during the course of his employment and while performing job-related duties.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents four questions:
1. What is the agency's liability to a private citizen for bodily injury or other legal claims resulting from an automobile accident in which the agency's employee was driving a privately-owned automobile during the course of his employment for which reimbursement is made by the state?
 It is my opinion that the agency has no liability. The agency's liability is limited to acts or omissions which occur when the automobile is owned or leased by the state and is driven by a state employee during the course of his employment and while performing job-related duties.
2. Is the employee's vehicle leased within the meaning of24-10-106(1)(a)?
 My conclusion is "no." The employee's vehicle is not leased within the meaning of 24-10-106(1)(a).
3. Is the employee's liability for damage limited by statute?
 My conclusion is "yes." The state employee's liability for damages is limited pursuant to C.R.S. 1973, 24-10-114 and 24-10-118, and circumstances occurring thereunder. Although the state employee is subject to suit in his individual capacity, the agency may be required to pay judgments and settlements pursuant to C.R.S. 1973, 24-10-110(1)(b).
4. Is transporting a passenger performance of a duty and within the scope of employment if it is required as part of the job performance.
 My conclusion is "yes." The actual transportation of a passenger is within the scope of employment and the performance of a duty if it is required as part of the job performance.
ANALYSIS
1. In 1972, the supreme court abrogated the doctrine of sovereign immunity. In response to the supreme court's edict, the Colorado Legislature passed the Colorado Governmental Immunity Act, C.R.S. 1973, 24-10-101 et seq. The essence of the Governmental Immunity Act is to limit the liability of the state to those claims specifically delineated in the statute. C.R.S. 1973, 24-10-106, American Employers Insurance Company v.Board of Commissioners, et al., 547 F.2d 511 (10th Cir. 1976). Under the Governmental Immunity Act, the liabilities of the state may be summarized as follows:
a. Liability exists against the state for damages arising out of the operation of a motor vehicle owned or leased by the public entity while in the course of public employment. C.R.S. 1973,24-10-106(1)(a).
b. The state must obtain insurance to cover the damages allowed under C.R.S. 1973, 24-10-114 (Supp. 1981). Under 24-10-114 the maximum amount that may be recovered is $150,000 for any injury to one person in any single occurrence. For injury to two or more persons in any single occurrence, the maximum amount is $400,000 except that in such multiple person accidents, no person may recover more than $150,000.
c. If the state purchases insurance coverage for types of claims for which sovereign immunity is not waived by the statute, the purchase of insurance serves to waive liability for those claims. The damages collectible under those claims are limited to the amount of the insurance coverage and may be recovered from the insurer only. C.R.S. 1973, 24-10-104.
d. If the state purchases coverage in excess of the damage limitations established under 24-10-114, then the recovery is limited to the amount of the insurance coverage. C.R.S. 1973,24-10-114(2).
e. In the case of wrongful death actions, damages are limited to the amounts permitted under C.R.S. 1973, 13-21-203 ($45,000) in lieu of the limitations stated in the immunity statute.
2. Under C.R.S. 1973, 24-10-106(1)(a), the state waives immunity for operation of a motor vehicle which is owned or leased by the public entity. The question is whether an employee of the public entity who is required to transport private individuals in a privately-owned vehicle is leasing his automobile to the public entity. I conclude that the employee who drives his private automobile at the behest of the state is not leasing his automobile to the state.
To "lease" means to convey exclusive use or possession of an object. Barnett v. Lincoln, 162 Wn. 613, 299 P. 392,394 (1931). In the fact situation presented, there is no indication that the employee has leased his vehicle to the state agency. He is merely using it to perform a job duty.
The case of Bertolotti v. County of Macomb, 20 Mich. App. 162,173 N.W.2d 723 (1970) is applicable to this question. In Bertolotti, the plaintiff alleged that the car driven and owned by defendant state employees was driven in the course of employment for the county. Plaintiff based this allegation on the fact that defendants were compensated for the use of their vehicle by the state. The court found that such compensation did not mean that the county held or had exclusive control or use of the vehicle. Thus, the court concluded that the state agency was immune from liability when the state employee was driving his own automobile, even though he was driving it while performing job-related tasks.
3. In the case of Kristensen v. Jones, 195 Colo. 122,575 P.2d 854 (1978), the Colorado Supreme Court held that public employees are not protected by the governmental immunity act. In response to the Kristensen case, the legislature revised the statute to provide indemnification for state employees. Under the revisions, a state employee still may be sued for unlimited types of acts or omissions. However, under C.R.S. 1973, 24-10-118 (Supp. 1981), the maximum amounts that may be recovered from a public employee for the operation of a motor vehicle within the scope of his employment and while performing job-related duties is the same as the amounts which may be recovered from the state under C.R.S. 1973, 24-10-114(1), (2) and (3). If a judgment is obtained against the public employee, the agency is liable for payment of the judgment where the claim against the public employees arises out of the act or omission of such employee occurring during the performance of his duties and within the scope of his employment. The judgment will not be paid by the state if the employee's act is willful and wanton, if the public entity is not made a defendant, or if the agency is not notified by the plaintiff or the employee in writing within 15 days after the commencement of the action. C.R.S. 1973,24-10-110(1)(b) (Supp. 1981).
4. When the state employee is using his own car as a condition of employment, the act occurs during the performance of his duties and within the scope of his employment. However, there is serious doubt that the employee is covered for travel which is not a part of, or incidental to his employment. For example, several courts have held that traveling to or from an assignment or job is not considered to be performing a duty or within the scope of employment. See, e.g., State ofArizona v. Superior Court, 111 Ariz. 130, 524 P.2d 951
(1974); Lundberg v. State, 25 N.W.2d 467, 472, 30 N.Y.S.2d 947, 951, 255 N.E.2d 177, 179 (1969); Ehlenfield v.State, 62 A.D. 1151, 404 N.Y.S.2d 175 (1978).
SUMMARY
An agency is immune from suit for any action arising out of the operation by an employee of that agency of a motor vehicle which is not owned or leased by an agency of the state. The automobile owned by an employee who uses it to perform job-related tasks is not considered to be leased by the state. The employee is not immune from suit. However, the employee's liability for damages is limited to the amounts stated in C.R.S. 1973, 24-10-114 if he was performing his duties and was acting within the scope of his employment. Further, the agency is required to pay the costs of the defense of the employee and the judgment or settlement of claims where the conditions listed in C.R.S. 1973, 24-10-110(1) and (2) are met.
Very truly yours,
 J.D. MacFARLANE Attorney General
SOVEREIGN IMMUNITY LIABILITY
C.R.S. 1973, 24-10-101, 102, 104, 106, 107, 109, 110, 111, 112, 113, 114, 115, 116 and 118.
AFFAIRS, LOCAL, DEPT. OF Administration
The liability of both the state and the state's employees for the operation of a motor vehicle within the scope of the employee's employment and during the performance of his duties is limited pursuant to C.R.S. 1973, 24-10-101, 102, 104, 106, 107, 109, 110, 111, 112, 113, 114, 115, 116 and 118.