■ In the Matter of the Arbitration between ST. PAUL FIRE & MARINE INSURANCE COMPANY, Respondent, and JAMES D.

BROWN, JR., et al., Respondents. AETNA CASUALTY & SURETY COMPANY, Appellant.—Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about September 11, 1989, which granted the petition of St. Paul Fire & Marine Insurance Company (St. Paul) for a stay of arbitration demanded by respondent James D. Brown, Jr. and declared that respondent Richard Faulkner was covered by an insurance policy issued by respondent Aetna Casualty & Surety Company (Aetna), is unanimously affirmed, with costs.

Richard Faulkner, an employee of Empire Preferred Commercial Operations (Empire), was involved in an automobile accident with a vehicle operated by James Brown, Jr. while driving his own car home from Empire's office to pick up his infant son en route to a job inspection site. Faulkner's automobile was not insured by him directly, but Aetna had issued a liability policy to Empire covering nonowned automobiles "which are used in connection with [Empire's] business".

Brown, contending that Faulkner's vehicle was uninsured, made a claim against the uninsured motorist provision of the liability insurance policy issued to him by St. Paul, and sought arbitration of that claim. St. Paul brought a petition to stay the arbitration demanded by Brown, and sought a declaration that the Faulkner vehicle was insured for the accident under Aetna's policy issued to Empire.

We note that we are not here dealing with an attempt by Brown to sue Empire under the doctrine of respondeat superior, which requires that an employee who is using his car in furtherance of his work, and is driving home from his last business appointment, be "under his employer's control, from the time he leaves the house in the morning until he returns at night" (Lundberg v State of New York, 25 NY2d 467, 471). More to the point are workers' compensation cases, discussed in Lundberg (supra, at 472), which require that an injury be sustained in the course of a "job-related" activity. Those cases provide workers' compensation coverage for employees driving to or from a temporary work assignment.

The record supports IAS's finding that Faulkner's vehicle was being used "in connection with" Empire's business. That Faulkner was picking up his son at his house en route to another work assignment was "not so egregious or extreme as to constitute a deviation from employment" (Matter of Voight v Rochester Prods. Div., 125 AD2d 799, 801). Concur—Ross, J. P., Rosenberger, Ellerin and Wallach, JJ.