■ RONALD J. TENCZAR et al., Respondents, v JAMES P. RICHMOND, Defendant, and GENERAL ELECTRIC COMPANY, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 6, 1990 in Albany County, which denied defendant General Electric Company's motion for summary judgment dismissing the complaint against it.

Defendant James P. Richmond was an employee of defendant General Electric Company and was enrolled in the company's engineer training program. As a trainee, Richmond was required to attend daily training sessions from 8:00 A.M. to 4:30 P.M. and maintain a grade point average of 2.5. He was paid a fixed annual salary. At the close of each workday, Richmond was free to remain at or return to the General Electric plant to utilize its facilities and laboratories for additional study purposes. On November 26, 1985, after finishing his training session, Richmond remained at the plant to utilize its laboratories in preparation for an examination the following day. At some point that evening Richmond left the plant and drove his pickup truck to a local restaurant for dinner. On his way back to the plant to resume his studies, Richmond's truck collided with plaintiff Ronald J. Tenczar's automobile. Plaintiffs commenced this action against Richmond for negligent operation of his automobile and against General Electric alleging it to be responsible for Richmond's negligence under the doctrine of respondeat superior. General Electric moved for summary judgment dismissing the complaint against it. Supreme Court denied the motion and General Electric appeals. We reverse.

The issue presented is whether Richmond was acting within the scope of his employment at the time of the accident.

Because an employee's "scope of employment" is heavily dependent on factual considerations, the question is ordinarily one for the jury. However, where no conflicting evidence exists, a court may determine the "scope of employment" issue as a matter of law *(McBride v County of Schenectady,* 110 AD2d 1000, 1001). The pertinent facts necessary for resolution of this case are not controverted and we can decide the issue as a matter of law.

This case is not at all unlike *Lundberg v State of New York* (25 NY2d 467), in which the Court of Appeals reversed a judgment rendered against an employer based on respondeat superior. In *Lundberg,* an engineer who was permanently based and resided in Buffalo was temporarily assigned to a project 80 miles away. His employer paid for his living expenses while he was away from home and paid for his travel expenses as he commuted home on the weekends. On a Monday morning he was returning to the project from his home when he was involved in an accident for which his employer was found responsible by way of respondeat superior. The Court of Appeals in reversing held that the engineer in driving from Buffalo to his work site was not acting in the scope of his employment. The court reasoned that, since he was free to do as he wished on weekends, he was not driving his car in furtherance of his work and was thus engaged in an independent personal activity over which his employer had no control. The court specifically rejected the argument, as urged in this case, that the driving was done to fulfill an obligation to the employer and was therefore necessitated by the employment *(supra,* at 471-472).

In the case at bar, there is nothing to indicate that General Electric had the power to control Richmond's activities after the close of the workday on November 26, 1985 until commencement of work on November 27, 1985. During the ensuing hours Richmond was free to do as he pleased. The fact that he elected to do additional study at General Electric's plant after having dinner was a personal decision over which General Electric had no control. The absence of the element of control, direct or indirect, is fatal to plaintiffs' claim *(see, e.g., Zeglen v Minkiewicz,* 12 NY2d 497). We thus determine, as a matter of law, that Richmond was not acting in the scope of his employment at the time of the accident *(see, Tortora v LaVoy,* 54 AD2d 1036).

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant General Electric Company and complaint dismissed against said defendant.

Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.