■ DENNIS VIRTUOSO et al., Appellants, v PEPSI-COLA COMPANY, Respondent. [730 NYS2d 601] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Plaintiffs commenced this action seeking damages for personal injuries sustained by Dennis Virtuoso (plaintiff) when his vehicle collided with one driven by Paul G. Traver,

an employee of defendant. Traver, a sales representative who often worked in the field, was en route to deliver a Christmas gift to the manager of one of the major stores in his territory when he was involved in the accident. He was on vacation at the time of the accident and was using his own vehicle without defendant's direct knowledge that he was delivering the gift. However, it was neither prohibited nor unusual for Traver to make such a gift, particularly at the time of the Christmas holiday. The issue whether an employee was acting in the "scope of employment" at the time of an accident is "heavily dependent on factual considerations" and thus the issue is ordinarily one for the trier of fact (*Tenczar v Richmond,* 172 AD2d 952, 953, *lv denied* 78 NY2d 859; *see, James v Eber Bros. Wine & Liq. Corp.,* 153 AD2d 329, 334, *lv denied* 75 NY2d 711, *rearg dismissed* 76 NY2d 876). Here, there is an issue of fact whether Traver was conducting a personal errand at the time of the accident or whether he was acting in furtherance of defendant's business purposes, giving rise to respondeat superior liability on the part of defendant (*see generally, Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932, 933; *Riviello v Waldron,* 47 NY2d 297, 302). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.