Wood v Brownlee (2020 NY Slip Op 06887)





Wood v Brownlee


2020 NY Slip Op 06887


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


680 CA 19-02303

[*1]TAMMY M. WOOD, PLAINTIFF-RESPONDENT,
v
NATHANIEL CHARLES BROWNLEE, DEFENDANT-RESPONDENT, AND STELLAR DISTRIBUTION SERVICES, INC., DOING BUSINESS AS NATIONAL DISTRIBUTION SERVICES, INC., DEFENDANT-APPELLANT.
-
MICHAEL J. VAN AERNAM, PLAINTIFF-RESPONDENT,
v
NATHANIEL CHARLES BROWNLEE, DEFENDANT-RESPONDENT, AND STELLAR DISTRIBUTION SERVICES, INC., DOING BUSINESS AS NATIONAL DISTRIBUTION SERVICES, INC., DEFENDANT-APPELLANT. 






GOLDBERG SEGALLA, LLP, BUFFALO (SAMANTHA V. CATONE OF COUNSEL), FOR DEFENDANT-APPELLANT.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.
NASH CONNORS, P.C., BUFFALO (ANDREW J. KOWALEWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (J. David Sampson, A.J.), entered June 17, 2019. The order, insofar as appealed from, denied the motion of defendant Stellar Distribution Services, Inc., doing business as National Distribution Services, Inc. for summary judgment dismissing the amended complaints against it. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion is granted, and the amended complaints against defendant Stellar Distribution Services, Inc., doing business as National Distribution Services, Inc., are dismissed.
Memorandum: Plaintiffs separately commenced these actions seeking damages for injuries they sustained when the vehicle they were traveling in was struck by a vehicle operated by defendant Nathaniel Charles Brownlee. Plaintiffs' amended complaints alleged that, at the time of the collision, Brownlee was acting within the scope of his employment for defendant Stellar Distribution Services, Inc., doing business as National Distribution Services, Inc. (Stellar). Stellar appeals from an order that, inter alia, denied its motion for summary judgment dismissing the amended complaints against it on the ground that Brownlee was not acting within the scope of his employment when the collision occurred. We reverse the order insofar as appealed from.
" 'Under the doctrine of respondeat superior, an employer will be liable for the negligence of an employee committed while the employee is acting in the scope of his [or her] employment . . . As a general rule, an employee driving to and from work is not acting in the scope of his [or her] employment' " (Swierczynski v O'Neill [appeal No. 2], 41 AD3d 1145, 1146 [4th Dept 2007], lv denied 9 NY3d 812 [2007], quoting Lundberg v State of New York, 25 NY2d 467, 470-471 [1969], rearg denied 26 NY2d 883 [1970]; see Cicatello v Sobierajski, 295 AD2d 974, 975 [4th Dept 2002]). Although the employee's drive home is work motivated, "the [*2]element of control is lacking" (Lundberg, 25 NY2d at 471), and such a drive is generally undertaken "not . . . to satisfy an obligation . . . owed to [the] employer but solely to satisfy [a] personal desire to . . . [return] home" (id. at 472). An exception to that rule applies "where the employee is under the control of his or her employer from the time that the employee enters his or her vehicle at the start of the workday until the employee leaves the vehicle at the end of the workday as is the case, for example, of a traveling salesperson or repairperson" (Swierczynski, 41 AD3d at 1147).
We conclude that Stellar established as a matter of law that Brownlee was not acting within the scope of his employment at the time of the accident and that plaintiffs failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Here, it is undisputed that the collision occurred while Brownlee was driving home from a corporate meeting held by Stellar at its headquarters in Canada. Evidence submitted by Stellar on its motion established that the corporate meeting had ended and that Brownlee had been released for the day at the time of the collision. Although Brownlee testified at his deposition that he believed that he had intended to stop at Stellar's facility in Pennsylvania before returning home, once he received permission to leave the corporate meeting, he was no longer acting in furtherance of any duty that he owed to Stellar and was no longer under Stellar's control (see Swierczynski, 41 AD3d at 1147). Indeed, Brownlee did not testify that Stellar had directed him to stop at the Pennsylvania facility or that Stellar had ordered him to perform any other act once the meeting had ended. The fact that the corporate meeting was held at a location other than Brownlee's typical place of work does not alter our analysis, nor does the fact that Brownlee was reimbursed for travel expenses (see Lundberg, 25 NY2d at 469, 472).
All concur except Bannister, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent and vote to affirm the order of Supreme Court. The precise scope of one's employment is heavily dependent on factual considerations, and thus the issue is ordinarily one for the trier of fact (see Virtuoso v Pepsi-Cola Co., 286 AD2d 868, 869 [4th Dept 2001]; Tenczar v Richmond, 172 AD2d 952, 953 [3d Dept 1991], lv denied 78 NY2d 859 [1991]). In my view, the court properly denied the motion of defendant Stellar Distribution Services, Inc., doing business as National Distribution Services, Inc. (Stellar), for summary judgment dismissing the amended complaints against it because Stellar's own submissions raise questions of fact whether defendant Nathaniel Charles Brownlee was acting within the scope of his employment at the time of the accident.
While Stellar insists that Brownlee's employment duties had ended and that he was on his own time while traveling home, this case does not involve the typical travel between an employee's home and workplace (see Douglas v Hugerich, 70 AD2d 755, 756 [3d Dept 1979]). Rather, Brownlee, a facility manager for Stellar, testified at his deposition that he traveled to corporate headquarters in Canada for business reasons inasmuch as he was required to attend Stellar's annual meeting there. He would not have traveled in the area of the accident had it not been for the mandatory corporate meeting. Moreover, the accident occurred at approximately 11:45 a.m. on a Tuesday, i.e., during Brownlee's regular working hours. Brownlee further testified that his intention that day was to drive to his place of employment at Stellar's Pennsylvania facility. In my view, the evidence presents questions of fact whether Brownlee was acting within the scope of his employment when the accident occurred (see Makoske v Lombardy, 47 AD2d 284, 288 [3d Dept 1975], affd 39 NY2d 773 [1976]), and thus Stellar failed to establish as a matter of law that it had no respondeat superior liability for Brownlee's negligence.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court