■ SANDRA J. PUGSLEY, as Executrix of JAMES S. PUGSLEY, Deceased, Appellant, v SENECA FOODS CORPORATION, Respondent, et al., Defendants.—Order and judgment unanimously affirmed without costs. Memorandum: Plaintiff's decedent was killed when his motorcycle collided with a vehicle driven by defendant Wendy Caruana. The accident occurred as Ms. Caruana entered upon a public highway after leaving her place of employment, a plant operated by defendant Seneca Foods Corp. Prior to the accident, Ms. Caruana approached the end of the plant driveway, stopped her vehicle, checked for oncoming traffic, then turned left onto the highway. Ms. Caruana's view of the highway was unobstructed, but she did not see plaintiff's decedent approaching from the left.

The complaint sought recovery from defendant Seneca Foods on the theory of respondeat superior, and it was also alleged that Seneca Foods was independently negligent in contributing to the cause of the accident. Special Term granted summary judgment to Seneca Foods and dismissed the complaint. We affirm.

Under the doctrine of respondeat superior, an employer is vicariously liable for a tort committed by an employee while acting within the scope of employment *(Riviello v Waldron,* 47 NY2d 297, 302). It is the well-settled general rule that an employee driving a personally owned motor vehicle to and from work is not acting in the scope of employment *(see, Lundberg v State of New York,* 25 NY2d 467, 471). At the time of this accident, Ms. Caruana was not acting in furtherance of any duty owed to Seneca Foods, nor was Seneca Foods exercising any control over her activities *(see, Clark v Hoff Bros. Refuse Corp.,* 72 AD2d 936). It is established as a matter of

law on this record that at the time of the accident Ms. Caruana was not acting in the scope of her employment *(see, Lundbérg v State of New York, supra,* at 471).

Seneca Foods has also demonstrated as a matter of law that its conduct was not the proximate cause of decedent's injuries *(see, Hryniak v Littauer Hosp. Assn.,* 86 AD2d 699). Thus there is no issue of fact requiring a trial of any claim against that defendant. (Appeal from order and judgment of Supreme Court, Wayne County, Siracuse, J.—summary judgment.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.