■ HAROLD J. HAWKINS, Appellant, v LAURA NEWMAN, Defendant, and COUGHLIN FOUNDOTOF & DANOWSKI, Respondent. —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 6, 1990, which granted the motion of the defendant Coughlin, Foundotof & Danowski for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) as limited by his brief, from so much of an order of the same court, entered December 11, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated September 6, 1990, is dismissed, as that order was superseded by the order entered December 11, 1990, made upon reargument; and it is further,

Ordered that the order entered December 11, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Generally, a worker traveling to and from work is not acting within the scope of employment because the element of control by the employer is lacking *(see, D'Amico v Christie,* 71 NY2d 76, 88; *Johnson v Daily News,* 34 NY2d 33; *Lundberg v State of New York,* 25 NY2d 467). We agree with the Supreme Court that the plaintiff has failed to establish the existence of any triable issue of fact as to whether the defendant Newman was using her automobile in the furtherance of work activity of her employer Coughlin, Foundotof & Danowski, or that her employer exercised any degree of control over her at the time of the accident. The plaintiff's claim that additional discovery is required before a summary judgment determination may be made is without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.