■ ELLEN M. COPEMAN, Plaintiff, v KEVIN J. MORAN et al., Defendants. (Action No. 1.) ANNITA JAKLITSCH et al., Respondents, v ELLEN M. MAGEE, Appellant. (Action No. 2.) [653 NYS2d 691] —In consolidated actions to recover damages for personal injuries, etc., the defendant in Action No. 2 appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 13, 1995, as granted the motion of the plaintiffs in Action No. 2 for summary judgment in their favor on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the plaintiffs in Action No. 2 is denied.

Annita Jaklitsch, a plaintiff in Action No. 2, allegedly was injured when a car driven by the appellant on the roadway of the Northern State Parkway spun out of control and either struck her as she was standing on the median of the parkway or struck a vehicle parked on the median and thereby propelled the vehicle into her person. The appellant testified at her deposition that her car skidded out of control because a light rain which had just begun to fall caused the roadway to become slippery. Regardless of the precise manner in which Annita Jaklitsch sustained her injuries, we conclude that there exists a triable issue of fact (*see,* CPLR 3212 [b]) as to whether the appellant's loss of control of her vehicle established negligence on her part.

" 'Evidence of skidding out of control is only prima facie evidence of negligence on the part of the driver, it does not mandate a finding of negligence. Such evidence, together with the explanation given by the driver, presents factual questions for determination by the jury' " (*Zimmermann v Spaziante,* 143 AD2d 745, quoting *Vadala v Carroll,* 91 AD2d 865, *affd* 59 NY2d 751). In addition, the record presents a question of fact as to whether the plaintiff Annita Jaklitsch was hit. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.