■ WILLIAM D. HOWARD, Appellant, v JAMES H. HILTON et al., Defendants, and RICHARD CUDDEBACK et al., Individually and Doing Business as CUDDEBACK'S WEDDINGS AND PARTIES, et al., Respondents. [665 NYS2d 194] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when his motorcycle collided with an automobile operated by defendant Dorothy Hilton and owned by defendant James H. Hilton. Plaintiff alleges that Dorothy Hilton was employed by the remaining defendants (defendants) and that she was acting within the scope of her employment at the time of the accident. The complaint therefore seeks recovery from defendants pursuant to the doctrine of respondeat superior. Supreme Court granted the motion of defendants for summary judgment dismissing the complaint against them and denied plaintiff's cross motion for summary judgment against defendants.

Defendants may be held vicariously liable for the alleged negligence of Dorothy Hilton if she was acting within the scope of her employment at the time of the accident (*see, Lundberg v State of New York,* 25 NY2d 467, 470-471, *rearg denied* 26 NY2d 883). Defendants presented proof that the accident occurred when Dorothy Hilton was driving home after having worked at a wedding reception; she had been told by her supervisor that she was free to leave. "As a general rule, an employee driving to and from work is not acting in the scope of his [or her] employment" (*Lundberg v State of New York, supra,* at 471), and plaintiff presented no evidence to render that gen-

eral rule inapplicable in this case. The record establishes that, when she was driving home, Dorothy Hilton was not acting in furtherance of any duty owed to defendants, nor did defendants exercise any control over her activities (*see, Pugsley v Seneca Foods Corp.,* 145 AD2d 953). The decision by Dorothy Hilton to drive a co-worker to her vehicle at their usual place of employment in Canandaigua on her way home was nothing more than a personal decision over which defendants had no control (*see, Lundberg v State of New York, supra,* at 471; *Tenczar v Richmond,* 172 AD2d 952, 953, *lv denied* 78 NY2d 859). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Callahan and Fallon, JJ.