■ LAURIE DONITZ, Appellant, v KIN S. MUI et al., Respondents. [669 NYS2d 326] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated February 5, 1997, which granted the motion by the defendant Con Edison for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Generally, a worker traveling to and from work is not acting within the scope of employment because the element of control by the employer is lacking (see, Lundberg v State of New York, 25 NY2d 467, 470; Hawkins v Newman, 177 AD2d 683). The plaintiff has failed to establish the existence of any triable issue of fact as to whether the defendant Kin S. Mui was using his automobile in the furtherance of work activity of his employer, the defendant Con Edison, or whether Con Edison exercised any degree of control over him at the time of the accident (see, Hawkins v Newman, supra).

The Supreme Court also properly denied the plaintiff's cross motion for summary judgment. " 'Evidence of skidding out of control is only prima facie evidence of negligence on the part of the driver; it does not mandate a finding of negligence. Such evidence together with the explanation given by the driver, presents factual questions for determination by the jury' " (Zimmermann v Spaziante, 143 AD2d 745, 746, quoting Vadala v Carroll, 91 AD2d 865, affd 59 NY2d 751; see also, Copeman v Moran, 236 AD2d 507). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.