■ STEPHANIE C. TUCKER et al., Appellants, v ANGEL L. MELENDEZ, JR., et al., Defendants, and HAI SOO NA, Doing Business as BRIAN's SPORT SHOP, Respondent. [718 NYS2d 643] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (LaCava, J.), dated November 19, 1999, which granted the motion of the defendant Hai Soo Na d/b/a Brian's Sport Shop, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

An employee driving to and from work is not acting within the scope of his employment because the element of control is lacking (*see, Lundberg v State of New York,* 25 NY2d 467; *Donitz v Mui,* 247 AD2d 508). The defendant Hai Soo Na, d/b/a Brian's Sport Shop (hereinafter Brian's Sports Shop), made out a prima facie case for summary judgment dismissing the complaint insofar as asserted against it. In opposition, the plaintiffs failed to establish the existence of any triable issue of fact as to

whether the defendant Angel Melendez was using his automobile in furtherance of work activity of his employer, Brian's Sports Shop, or whether Brian's Sports Shop exercised any degree of control over its employee at the time of the accident (*see, Swartzlander v Forms-Rite Bus. Forms & Print. Serv.,* 174 AD2d 971). Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.