■ JOSEPH N. GOREA, JR., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 84818.) [730 NYS2d 624] —Order unanimously reversed on the law without costs, motion granted and claim dismissed. Memorandum: The Court of Claims erred in denying defendant's motion for summary judgment dismissing the claim. Claimant commenced this action to recover for injuries he allegedly sustained when a vehicle driven by Evan M. Glover, an employee of defendant, pulled in front of his tractor-trailer while he was exiting the New York State

Thruway, causing the tractor-trailer to jackknife. It is undisputed that Glover was traveling from Buffalo to Albany to attend a union meeting. Claimant alleges that defendant is liable for Glover's negligence because Glover was acting within the scope of his employment at the time of the accident. "An employee acts in the scope of his employment when he is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities" (*Lundberg v State of New York*, 25 NY2d 467, 470, *rearg denied* 26 NY2d 883). Here, defendant established as a matter of law that, at the time of the accident, Glover was acting solely in furtherance of his duties as union steward and that his decision to travel to the union meeting was nothing more than a personal decision over which defendant had no control (*see, Howard v Hilton*, 244 AD2d 912, 913, *lv denied* 91 NY2d 809), and claimant failed to raise a triable issue of fact. (Appeal from Order of Court of Claims, Corbett, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.