■ MELFORD MYRIE, Appellant-Respondent, et al., Plaintiff, v CITY OF NEW YORK et al., Respondents, and BARNETT DALEY, Respondent-Appellant. (And a Third-Party Action.) [760 NYS2d

893] —In an action to recover damages for personal injuries, the plaintiff and counterclaim defendant, Melford Myrie, appeals, as limited by his briefs, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated May 9, 2002, as denied that branch of the motion of the plaintiffs, Melford Myrie and Evita Campbell, which was for summary judgment on his behalf on the issue of liability as against the defendants City of New York and Michael Dalton, and as denied his separate motion for summary judgment dismissing the defendants' counterclaims, and the defendant Barnett Daley separately appeals from so much of the same order as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying Melford Myrie's motion for summary judgment dismissing the defendants' counterclaims, and substituting therefor a provision granting that motion, and (2) deleting the provision thereof denying the cross motion of the defendant Barnett Daley for summary judgment dismissing the complaint and all cross claims insofar as asserted against him and substituting therefor a provision granting that motion and dismissing the complaint and cross claims insofar as asserted against him; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action arises out of a motor vehicle accident that occurred on November 14, 1993, at the intersection of Lennox Road and East 45th Street in Brooklyn. The defendant Michael Dalton, a New York City police officer on routine patrol, was traveling north on East 45th Street when he failed to stop for a stop sign at the corner of East 45th Street and Lennox Road. Dalton proceeded into the intersection, where his vehicle collided with a vehicle driven by the defendant Barnett Daley, which was traveling east on Lennox Road. Daley's vehicle then collided with a vehicle which was traveling west on Lennox Road driven by the plaintiff counterclaim-defendant, Melford Myrie.

The Supreme Court erred in denying Myrie's motion for summary judgment dismissing the counterclaims of the defendants, and in denying the cross motion of the defendant Barnett Daley for summary judgment dismissing the complaint and all ' cross claims insofar as asserted against him. Both Myrie and Daley established their prima facie entitlement to judgment as a matter of law by showing that they were traveling in a lawful manner at a lawful speed, and that they had the right of

way on Lennox Road when the accident occurred. There was nothing in the proof submitted on the motions to support the contention that either Myrie or Daley caused or contributed to the accident, and mere speculation that they may have been negligent was insufficient to raise a triable issue of fact to defeat their entitlement to judgment dismissing the counterclaims and the cross claim asserted by the defendants City of New York and Michael Dalton (see *Gillinder v Hemmes,* 298 AD2d 493 [2002]).

The Supreme Court properly denied that branch of the motion of Myrie and the plaintiff Evita Campbell which was for summary judgment on behalf of Myrie on the issue of liability against the City and its employee, Dalton. Dalton's testimony that the accident was caused by the sudden, unforeseen, and unavoidable skidding of his patrol car on slippery leaves accumulated at the intersection was sufficient to raise a triable issue of fact as to whether he exercised reasonable care under the circumstances (see *Espinal v Sureau,* 262 AD2d 523 [1999]; *Copeman v Moran,* 236 AD2d 507 [1997]). Prudenti, P.J., Ritter, Altman and Cozier, JJ., concur.