■ SCOTT G. CUNNINGHAM et al., Appellants, v KRISTI PETRILLA, Defendant, and BUFFALO BREW PUB, Respondent. [817 NYS2d 468]—

Appeal from an order of the Supreme Court, Erie County (Joseph S. Forma, J.), entered February 25, 2005 in a personal injury action. The order granted the motion of defendant Buffalo Brew Pub for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Scott G. Cunningham when he was struck by a vehicle driven by defendant Kristi Petrilla while he was completing his construction shift on an interstate highway. At the time of the accident, Petrilla was driving home from her employment at Buffalo Brew Pub (Pub). Supreme Court properly granted the motion of the Pub for summary judgment dismissing the complaint and cross claims against it. Plaintiffs contend on appeal that the court erred in granting the Pub's motion because there are issues of fact concerning the Pub's liability under the doctrine of respondeat superior and for common-law negligence because the Pub encouraged its employees to drink alcohol with customers to help " 'promote social good will and business for the bar' " and it was "clearly foreseeable that an employee . . . might become impaired in his/her ability to safely operate his/her automobile upon leaving the [Pub]."

"Under the doctrine of *respondeat superior,* an employer will be liable for the negligence of an employee committed while the employee is acting in the scope of his employment" (*Lundberg v State of New York,* 25 NY2d 467, 470 [1969], *rearg denied* 26 NY2d 883 [1970]; *see Riviello v Waldron,* 47 NY2d 297, 302 [1979]). "As a general rule, an employee driving to and from work is not acting in the scope of his employment" (*Lundberg,* 25 NY2d at 471; *see D'Amico v Christie,* 71 NY2d 76, 88 [1987]; *Correa v Baptiste,* 303 AD2d 355 [2003]; *Howard v Hilton,* 244 AD2d 912 [1997], *lv denied* 91 NY2d 809 [1998]; *Pugsley v Seneca Foods Corp.,* 145 AD2d 953 [1988]). Here, Petrilla was driving home from work at the time of the accident, and the record establishes that she was "not acting in furtherance of any duty owed to [the Pub], nor did [the Pub] exercise any control over her activities" (*Howard,* 244 AD2d at 913; *see*

*Pugsley*, 145 AD2d at 953-954). Even assuming, arguendo, that the Pub encouraged the consumption of alcohol by its employees, we conclude that Petrilla was on a strictly personal venture and thus as a matter of law was not acting within the scope of her employment at the time of the accident (*see Casimiro v Thayer*, 229 AD2d 958 [1996]; *cf. James v Eber Bros. Wine & Liq. Corp.*, 153 AD2d 329, 334 [1990], *lv denied* 75 NY2d 711 [1990]). Finally, the Pub is correct that it is not liable for common-law negligence. The accident did not take place on the Pub's premises nor did it involve the Pub's property, and thus the Pub owed no legal duty to plaintiff (*see generally D'Amico*, 71 NY2d at 85-89). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Pine, JJ.