■ Jill Haggerty et al., Respondents, v Walter Quast, Jr., Appellant. [852 NYS2d 357]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated July 30, 2007, as denied that branch of his motion which was for leave to renew his motion for summary judgment and, upon, in effect, reargument, adhered to the original determination in a prior order of the same court dated July 5, 2007, denying his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff Jill Haggerty alleges that on December 1, 2004 she was motioned by the defendant that it was safe for her to cross the street in front of his vehicle. However, after the plaintiff crossed in front of the defendant's vehicle, she was struck by a car driven by a nonparty, Stephen Kuhn, and sustained injury. It is further alleged that at the time of the accident, the defendant was employed by the Town of New Castle Department of Public Works (hereinafter the Town) and was driving a Town-owned vehicle. The plaintiffs' first lawsuit against, among others, the defendant, was dismissed insofar as asserted against him for lack of personal jurisdiction. Thereafter, in April 2007, the plaintiffs commenced the present lawsuit against only the defendant.

The defendant moved for summary judgment, contending that the lawsuit should be dismissed on the grounds of res judiciata and the statute of limitations. The motion was denied by order dated July 5, 2007. Thereafter, the defendant moved for leave to reargue and/or renew. In support thereof, the defendant's counsel argued that the accident took place while the defendant was working within the scope of his municipal employment and thus it was governed by the one-year and 90-day statute of limitations set forth in General Municipal Law 50-i. Therefore, since the action was commenced beyond that period, counsel concluded that it should be dismissed as time-barred. The plaintiffs opposed the motion, and in reply thereto, the defendant submitted an affidavit in which he stated in part, "at the time of the accident . . . I was operating a vehicle owned by the Town of New Castle in the course of my employment by

the Department of Public Works for the Town of New Castle." The Supreme Court denied leave to renew but, in effect, granted leave to reargue, and upon reargument, adhered to its original determination. We affirm the order insofar as appealed from.

The defendant's affidavit, which was the only evidence submitted to support his claim that he was working within the scope of his Town employment when the accident occurred, was improperly submitted for the first time in his reply papers (*see Juseinoski v Board of Educ. of City of N.Y.,* 15 AD3d 353 [2005]). In any event, even considering the affidavit, it merely made conclusory assertions, and did not detail any facts by which it may be reasonably determined that the defendant was, in fact, performing a function "in furtherance of the duties he owed" to the Town at the time the accident took place (*Lundberg v State of New York,* 25 NY2d 467 [1969]; *see also Tucker v Melendez,* 278 AD2d 488 [2000]). Thus the affidavit did not support an award of summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Furthermore, the defendant's answer contains a denial that he was working "within the scope of his employment" on the subject date.

Accordingly, a triable issue of fact exists as to whether the defendant was acting within the course of his Town employment when the accident occurred. There is also a triable issue of fact as to whether the defendant is entitled to the benefit of the shorter statute of limitations set forth in General Municipal Law § 50-i, as opposed to the three-year statute of limitations for ordinary negligence (CPLR 214). Therefore, upon reargument, the Supreme Court properly adhered to its original determination denying the defendant's motion for summary judgment dismissing the complaint (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.