In an action to recover damages for personal injuries, the defendant Town of Hempstead appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (McCormack, J.), dated August 21, 2007, as denied its motion , for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) so much of an order of the same court dated November 28, 2007, as, upon re-argument, adhered to the prior determination.
Ordered that the appeal from the order dated August 21, 2007 is dismissed, as the portion of the order appealed from was superseded by the order dated November 28, 2007, made upon reargument; and it is further,
Ordered that the order dated November 28, 2007 is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
On the evening of October 29, 2004 the plaintiff allegedly tripped and fell on a cracked sidewalk in the appellant Town of Hempstead. She subsequently commenced the present action, alleging that the accident was proximately caused by the appellant’s failure to maintain the sidewalk and the street lights in the area adjacent to the accident site.
*632 In its papers submitted on its motion for summary judgment, the appellant failed to address the claim that the nearest street light was not functioning at the time of the occurrence. Accordingly, the appellant failed to establish its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The appellant’s contention that it had no duty to provide illumination in the vicinity of the occurrence was improperly raised for the first time in its reply papers (see Canaan v Costco Wholesale Membership, Inc., 49 AD3d 583 [2008]). In any event, the circumstances here are readily distinguishable from the case on which the appellant relies, in which we observed that “[a] municipality’s duty to maintain existing street lights is limited to those situations in which illumination is necessary to avoid dangerous and potentially hazardous conditions” (Cracas v Zisko, 204 AD2d 382, 383 [1994]). Here, in addition to the issue pertaining to the lighting conditions, the plaintiff alleged that a defect existed in the sidewalk where she was injured.
Since the appellant failed to establish its prima face entitlement to summary judgment, it is not necessary to address the sufficiency of the plaintiffs opposition papers (see Burrell v City of New York, 49 AD3d 482 [2008]).
Upon reargument, the Supreme Court properly adhered to its original determination denying the appellant’s motion for summary judgment (see Haggerty v Quast, 48 AD3d 629, 631 [2008]). Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur.