■ ADAM GENTILELLA, Appellant, v BOARD OF EDUCATION OF WANTAGH UNION FREE SCHOOL DISTRICT et al., Respondents. [875 NYS2d 128]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Winslow, J.), dated August 10, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by his brief, from so much of an order of the same court dated February 28, 2008, as denied that branch of his motion which was for leave to renew his opposition to the defendants' prior motion and, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 10, 2007, is dismissed, as that order was superseded by that portion of the order dated February 28, 2008, made upon reargument; and it is further,

Ordered that the order dated February 28, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

This action arises from a two-car motor vehicle accident which occurred on September 23, 2005, on the Long Island Expressway in Queens, in which the plaintiff allegedly sustained injuries to his cervical and lumbar spines. It is undisputed that the plaintiff had previously injured those parts of his body in a motor vehicle accident on November 25, 2001. After the plaintiff commenced the present action, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff's alleged injuries predated the subject motor vehicle accident. The medical evidence which the defendants submitted in support of the motion established, prima facie, that any injuries that the plaintiff sustained in the accident of September 23, 2005, were not serious within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 352 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). Notably, the affirmed reports prepared by Dr. Tantleff, the defendants' expert radiologist, which were submitted in support of the mo-

tion, found that magnetic resonance imaging (hereinafter MRI) studies of the plaintiff's cervical and lumbar spine shortly after the 2001 accident and years prior to the subject one, revealed "longstanding chronic degenerative discogenic disease" in both regions of the plaintiff's spine. Moreover, upon reviewing MRI studies of both the cervical and lumbar spine taken shortly after the present accident and comparing them with the earlier set of MRI studies taken prior to the present accident, Dr. Tantleff found "no definable interval change." The admissible medical evidence which the plaintiff submitted in opposition to the motion failed to raise a triable issue of fact (*see* CPLR 3212). While Dr. Hausknecht acknowledged the existence of the earlier accident and the plaintiff's prior chiropractic treatment, he never indicated that he reviewed any of plaintiff's medical records from the earlier accident and apparently merely took the plaintiff's word for the fact that he had recovered from any injuries sustained therein prior to the occurrence of the subject accident (*see Penaloza v Chavez,* 48 AD3d 654 [2008]). Therefore, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and, upon reargument, properly adhered to that determination (*see Haggerty v Quast,* 48 AD3d 629 [2008]).

Since the new information submitted by the plaintiff in support of that branch of his motion which was for leave to renew provided no basis for changing the court's original determination, the court properly denied that branch of the motion (*see Worrell v Parkway Estates, LLC,* 43 AD3d 436 [2007]). Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.