■ GERARD FITZGERALD et al., Appellants, v FEDERAL SIGNAL CORPORATION, Respondent, et al., Defendants. [883 NYS2d 67]—

In an action, inter alia, to recover damages for personal injuries based on strict products liability, the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated January 4, 2008, as granted that branch of the motion of the defendant Federal Signal Corporation, pursuant to CPLR 3211 (a) (7), which was to dismiss the causes of action alleging failure to

warn insofar as asserted against it, and (2) from so much of an order of the same court dated September 24, 2008, as denied that branch of their motion which was for leave to renew and as upon, in effect, granting reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 4, 2008, is dismissed, as that order was superseded by so much of the order dated September 24, 2008, as was made upon reargument; and it is further,

Ordered that the order dated September 24, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Federal Signal Corporation.

The plaintiffs are four firefighters who allege that they sustained permanent hearing damage while employed by the Fire Department of the City of New York (hereafter FDNY) as a result of repeated exposure to sirens manufactured by the defendant Federal Signal Corporation (hereafter Federal) and installed on FDNY fire trucks. The plaintiffs seek compensation based on Federal's alleged failure to warn them of the risk of hearing loss from prolonged exposure to the sirens. Insofar as is relevant to these appeals, Federal moved, pursuant to CPLR 3211 (a) (7), to dismiss the failure-to-warn claims insofar as asserted against it, contending, inter alia, that it owed no duty to warn as the risk of hearing loss was open and obvious. The Supreme Court granted the motion, and we affirm.

"Upon a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), the court must determine whether from the four corners of the pleading 'factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Salvatore v Kumar,* 45 AD3d 560, 562-563 [2007], quoting *Morad v Morad,* 27 AD3d 626, 627 [2006]; *see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner,* 96 NY2d 300, 303 [2001]; *Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). "In determining such a motion, the court may freely consider additional facts contained in affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Sheridan v Carter,* 48 AD3d 444, 445 [2008]; *see International Oil Field Supply Servs. Corp. v Fadeyi,* 35 AD3d 372, 375 [2006]).

Viewing the allegations in the complaint as true, and according the plaintiffs the benefit of every reasonable inference, the Supreme Court properly determined that the plaintiffs failed to state a cause of action to recover damages for strict products liability based on Federal's alleged duty and failure to warn them,

as the risk alleged is "open and obvious" and "readily apparent as a matter of common sense" (*Liriano v Hobart Corp.*, 92 NY2d 232, 241-242 [1998]; *see Warlikowski v Burger King Corp.*, 9 AD3d 360, 362 [2004]; *Schiller v National Presto Indus.*, 225 AD2d 1053, 1054 [1996]). "There is no duty to warn of an open and obvious danger of which the product user is actually aware or should be aware as a result of ordinary observation or as a matter of common sense" (*O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 514 [2007]; *see Jones v W + M Automation, Inc.*, 31 AD3d 1099, 1101-1102 [2006]; *Vail v KMart Corp.*, 25 AD3d 549, 551 [2006]). Therefore, the Supreme Court properly granted Federal's motion to dismiss those causes of action and, upon reargument, properly adhered to that determination (*see Gentilella v Board of Educ. of Wantagh Union Free School Dist.*, 60 AD3d 629 [2009]; *Haggerty v Quast*, 48 AD3d 629, 631 [2008]). Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.