■ DONNA HENIG, Respondent, v FERN AVANA et al., Appellants. [933 NYS2d 618]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter

alia, that as a result of the subject accident, the lumbosacral region of her spine sustained certain injuries. The defendants submitted competent medical evidence establishing, prima facie, among other things, that the alleged injuries to that region of her spine were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]; *Gentilella v Board of Educ. of Wantagh Union Free School Dist.*, 60 AD3d 629, 629-630 [2009]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the lumbosacral region of her spine were caused by the subject accident (*see Sforza v Big Guy Leasing Corp.*, 51 AD3d 659, 660-661 [2008]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.