■ ANGEL L. MATOS, Appellant, v KUI F. TAI et al., Respondents. [998 NYS2d 905]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated February 11, 2014, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that on December 6, 2011, as he was lawfully walking across Onderdonk Avenue at its intersection with Flushing Avenue in Ridgewood, he was struck by the defendants' vehicle.

In a personal injury action, to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but also that the plaintiff was free from comparative fault (see *Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Brown v Mackiewicz*, 120 AD3d 1172, 1173 [2014]; *Ramos v Bartis*, 112 AD3d 804, 804 [2013]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). The issue of comparative negligence generally is a question for the jury to decide (see *Brandt v Zahner*, 110 AD3d 752, 752 [2013]; *Jahangir v Logan Bus Co., Inc.*, 89 AD3d 1064, 1064 [2011]).

Here, contrary to the plaintiff's contentions, he failed to establish, prima facie, that he was free from comparative fault in the happening of the accident, as there was conflicting evidence concerning the events leading up to the accident (see *Thoma v Ronai*, 82 NY2d at 737; *Cator v Filipe*, 47 AD3d 664, 664 [2008]; *Albert v Klein*, 15 AD3d 509, 510 [2005]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability, regardless of the sufficiency of the opposing papers (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.