■ MARC BERES, Appellant, v ROBERT A. TERRANERA et al., Defendants, and PRIDE ENTERPRISES OF NEW YORK, INC., Respondent. [60 NYS3d 207]—

Appeal from an order of the Supreme Court, Nassau County (F. Dana Winslow, J.), entered April 7, 2015. The order, insofar as appealed from, denied the plaintiff's motion, in effect, for summary judgment on the issue of the defendant Robert A. Terranera's liability, granted that branch of the cross motion of the defendant Pride Enterprises of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and denied, as academic, the plaintiff's cross motion to impose sanctions against the defendant Pride Enterprises of New York, Inc., for spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 30, 2011, the plaintiff was operating his motorcycle

in the high-occupancy-vehicle lane (hereinafter HOV lane) of the westbound Long Island Expressway (hereinafter the LIE). The defendant Robert Terranera was driving his personal vehicle westbound on the LIE in the adjacent left lane. Terranera testified at his deposition that he was traveling from his home to work in Manhattan. The plaintiff described the HOV lane as "clear" and the other lanes of traffic as "stop and go." Terranera testified that he observed the cars in front of his vehicle come to an abrupt stop, and that in order to avoid a collision with those cars, he moved over or swerved over into the HOV lane, crossing the white lines that separated the HOV lane from the adjacent lane. Terranera did not believe that he entered the HOV lane in an area designated for entering that lane. Terranera testified that he looked in his rear-view mirror and saw the plaintiff's motorcycle approximately 100 yards behind him in the HOV lane, and although he tried to speed up and move out of the way, the plaintiff's motorcycle struck the back of his vehicle.

The plaintiff testified at his deposition that Terranera's vehicle "cut [him] off," that he did not see Terranera's vehicle until it "jumped out in front of" his motorcycle, and although the plaintiff tried to brake and turn his motorcycle, they "collided instantly."

The plaintiff commenced two actions, which were later consolidated, against Terranera, Pride Enterprises of New York, Inc. (hereinafter Pride Enterprises), Pride Carpet, Inc. (hereinafter Pride Carpet), Division 9 Industries, Inc., and Division 9 Industries, LLC (hereinafter together Division 9), alleging that Terranera had negligently operated his vehicle, and that Pride Enterprises, Pride Carpet, and Division 9 were vicariously liable for Terranera's negligence because he was their employee and was acting within the scope of his employment at the time of the accident. The plaintiff moved, in effect, for summary judgment on the issue of Terranera's liability. Pride Enterprises cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the grounds that it had demonstrated as a matter of law that Terranera was employed by Division 9 at the time of the accident, and, in any event, even if Terranera was Pride Enterprises' employee, he was not acting within the scope of his employment at the time of the accident. The plaintiff cross-moved to impose sanctions against Pride Enterprises for spoliation of documentary evidence allegedly stored on a Division 9 computer, which could serve to identify the company or companies that Terranera was working for at the time of the accident.

The Supreme Court denied the plaintiff's motion, in effect, for summary judgment on the issue of Terranera's liability. The court granted that branch of Pride Enterprises' cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, and denied, as academic, the plaintiff's cross motion for sanctions. The plaintiff appeals.

A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield (*see Vazquez v New York City Tr. Auth.*, 94 AD3d 870, 871 [2012]; *Bonilla v Calabria*, 80 AD3d 720 [2011]). However, a driver with the right-of-way also has a duty to use reasonable care to avoid a collision (*see Bennett v Granata*, 118 AD3d 652, 653 [2014]; *Regans v Baratta*, 106 AD3d 893, 894 [2013]), and "[t]here can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Gobin v Delgado*, 142 AD3d 1134, 1134 [2016]). As a result, even where there is evidence that another driver involved in the accident was negligent as a matter of law due to a violation of the Vehicle and Traffic Law, a plaintiff moving for summary judgment has the burden of establishing freedom from comparative fault (*see Pena v Spade*, 145 AD3d 791, 792 [2016]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *Matos v Tai*, 124 AD3d 848, 848 [2015]).

Here, in support of his motion for summary judgment on the issue of Terranera's liability, the plaintiff demonstrated, prima facie, that Terranera was negligent in moving his vehicle from the left lane into the plaintiff's pathway in the HOV lane, and in crossing over the white lines that separated the HOV lane from the adjacent lane (*see* Vehicle and Traffic Law § 1128 [a], [d]). However, the conflicting deposition testimony of the plaintiff and Terranera, both submitted in support of the plaintiff's motion, failed to eliminate triable issues of fact as to whether the plaintiff was comparatively at fault in the happening of the accident (*see Pena v Spade*, 145 AD3d at 792; *Phillip v D&D Carting Co., Inc.*, 136 AD3d at 22; *Matos v Tai*, 124 AD3d at 848). Since the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied his motion, in effect, for summary judgment on the issue of Terranera's liability, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Pride Enterprises was entitled to summary judgment dismissing the complaint insofar as asserted against it. Although the record evidence raises triable issues of fact as to whether Terranera was an employee of Pride Enterprises, Pride

Enterprises nevertheless demonstrated, prima facie, that Terranera was not acting within the scope of his employment at the time of the accident. " 'The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment' " (*Meehan v County of Suffolk*, 144 AD3d 640, 641 [2016], quoting *Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622, 623 [2011]). " 'An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his [or her] employer, or if his [or her] act may be reasonably said to be necessary or incidental to such employment' " (*Ammirati v Arias*, 111 AD3d 771, 772 [2013], quoting *Holmes v Gary Goldberg & Co., Inc.*, 40 AD3d 1033, 1034 [2007]). Generally, "[a]n employee driving to and from work is not acting within the scope of his employment because the element of control is lacking" (*Tucker v Melendez*, 278 AD2d 488, 488 [2000]; *see Lundberg v State of New York*, 25 NY2d 467, 470-471 [1969]; *Donitz v Mui*, 247 AD2d 508, 508 [1998]; *Howard v Hilton*, 244 AD2d 912, 912-913 [1997]).

Terranera's deposition testimony demonstrated that, at the time of the accident, he was commuting to work from his home in his personal vehicle, he was not required to drive to work as part of his job, and he was not acting in furtherance of his employer's business at the time (*see D'Amico v Christie*, 71 NY2d 76, 88 [1987]; *Lundberg v State of New York*, 25 NY2d at 471; *Figura v Frasier*, 144 AD3d 1586, 1587 [2016]; *Correa v Baptiste*, 303 AD2d 355 [2003]; *Donitz v Mui*, 247 AD2d 508 [1998]; *Shumway v Geneva Gen. Hosp.*, 233 AD2d 868 [1996]; *Pugsley v Seneca Foods Corp.*, 145 AD2d 953 [1988]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Hawkins v Newman*, 177 AD2d 683, 683 [1991]; *Agostino v Pennysaver Group*, 284 AD2d 353 [2001]). Although the issue of whether an employee was acting within the scope of his or her employment is generally a question of fact for the jury, it may be decided as a matter of law where, as here, the relevant facts are undisputed (*see Figura v Frasier*, 144 AD3d at 1587; *Luna v Spadafora*, 127 AD3d 933, 936 [2015]). Accordingly, the branch of Pride Enterprises' cross motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly granted.

In view of our determination with respect to Pride Enterprises' cross motion, the Supreme Court properly denied, as academic, the plaintiff's cross motion to impose sanctions against Pride Enterprises for spoliation of evidence. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.