◼ HELENA SFORZA, Respondent, v BIG GUY LEASING CORP. et al., Appellants. [858 NYS2d 233]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated November 14, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff, who was 64 years old at the time of the subject accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In support of their motion, the defendants submitted an affirmation of a neurologist who quantified restrictions in range of motion in the plaintiff's cervical and lumbar spine, but, based upon a physical examination, attributed those restrictions to age-related crepitus and arthritis (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The neurologist stated that magnetic resonance imaging (hereinafter MRI) examinations of the plaintiff's cervical and lumbar spine were "reported to show significant DJD changes" but it is unclear as to whether the neurologist examined the MRI films, or who reported degenerative changes.

In response to this prima facie showing, the plaintiff raised a triable issue of fact. An affirmed MRI report indicated that the plaintiff suffered herniated discs in the cervical region of the spine and herniated and bulging discs in the lumbar region of the spine. An initial X ray of the cervical spine revealed "some degenerative change." However, Dr. Baum, the plaintiff's treating orthopedist, concluded that "while this patient may have had some underlying development of degenerative joint disease due to her age, the MRI findings of Multi-level bulging and herniated discs to both her neck and back are a direct result of the impact she sustained as a result" of the accident. Dr. Baum noted that the plaintiff suffered quantified restrictions of range

of motion of the cervical and lumbar spine based upon examinations shortly after the accident, and based upon a recent examination.

The defendants seek to attribute the plaintiff's injury to an accident in or about 1992 in which the plaintiff's lower back was injured. The plaintiff testified at her deposition that she never injured her neck, and the injury to her lower back healed. Accordingly, there is no evidence in this record of a preexisting injury to the plaintiff's neck. Further, considering the length of time between the two accidents, and the plaintiff's testimony that her lumbar region of the spine completely healed, Dr. Baum's failure to consider the 1992 accident did not render his conclusions speculative.

Accordingly, there are triable issues of fact which preclude the granting of summary judgment. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.