The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant established, prima facie, that the plaintiffs injuries were not caused by the subject accident (cf. Jilani v Palmer, 83 AD3d 786, 787 [2011]).
In opposition, however, the plaintiff Submitted evidence raising a triable issue of fact as to whether the alleged injury to his right shoulder was caused by the subject accident (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Sforza v Big Guy Leasing Corp., 51 AD3d 659, 661 [2008]). Accordingly, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Dickerson, Leventhal and Lott, JJ., concur.