■ Lori A. Mangione et al., Appellants, v Christine Bua, Respondent. [48 NYS3d 518]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), dated July 6, 2015, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Lori A. Mangione did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet her prima facie burden of showing that the plaintiff Lori A. Mangione (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant failed to submit competent medical evidence establishing, prima facie, that the injured plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), as the defendant's experts found significant limitations in the range of motion in those regions of her spine (see Mercado v Mendoza, 133 AD3d 833, 834 [2015]; Miller v Bratsilova, 118 AD3d 761 [2014]). Since the defendant failed to meet her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Che Hong Kim v Kossoff, 90 AD3d 969 [2011]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., LaSalle, Hall and Cohen, JJ., concur.