■ Sook Houng, Appellant, v Kenneth E. Beers III et al., Respondents. [54 NYS3d 449]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated September 24, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury

within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), as one of their experts found significant limitations in the range of motion of the cervical region of the plaintiff's spine (*see Mercado v Mendoza*, 133 AD3d 833, 834 [2015]; *Miller v Bratsilova*, 118 AD3d 761 [2014]). In addition, the papers submitted by the defendants failed to .adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.