■ Junior G. Fils-Aime, Appellant, v Paolo C. Colombo, Defendant, and Jasvir Singh et al., Respondents. [58 NYS3d 131]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated August 25, 2016, which granted the separate motions of the defendant Jasvir Singh and the defendants Sandra P. Roye and Elrac, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the separate motions of the defendant Jasvir Singh and the defendants Sandra P. Roye and Elrac, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

In support of their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, the defendant Jasvir Singh and the defendants Sandra P. Roye and Elrac, LLC (hereinafter collectively the defendants), failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' submissions failed to eliminate triable issues of fact as to whether the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969).

Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.