■ LAURA GOMEZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [59 NYS3d 437]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 31, 2015, as granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

On October 21, 2008, the plaintiff, while operating a motor vehicle on 108th Street near the entrance to Horace Harding Expressway in Queens, was involved in a collision with a vehicle operated by the defendant Adam Rhodie in his capacity as an employee of the defendant All Transit, LLC, and owned by the defendant New York City Transit Authority (hereinafter collectively the defendants). One year later, the plaintiff commenced this action against the defendants alleging, inter alia, that as a result of this accident, she sustained injuries to the cervical and lumbar regions of her spine. After discovery, the plaintiff moved for summary judgment on the issue of liability and the defendants cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury. In the order appealed from, the Supreme Court, granted the plaintiff's motion for summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury. The plaintiff appeals from so much of the order as granted the defendants' cross motion.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine was not caused by the accident at issue (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition to the defendants' cross motion for summary judgment, however, the plaintiff submitted evidence raising a triable issue of fact as to whether the alleged injury to the lumbar region of her spine was caused by the accident at issue (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Sforza v Big Guy Leasing Corp.*, 51 AD3d 659, 661 [2008]).

Accordingly, the Supreme Court should have denied the defendants' cross motion for summary judgment dismissing the complaint. Dillon, J.P., Austin, Roman and Cohen, JJ., concur.