— In an action to recover damages for personal injuries, the defendants Aramex New York, Ltd., and Aleksey Kogan appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered December 7, 2015, as denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2) from an order of the same court dated January 25, 2016, which denied the defendants’ motion to strike portions of the affirmation and narrative report of the plaintiff’s treating orthopedic surgeon.
 

 Ordered that the order entered December 7, 2015, is affirmed insofar as appealed from; and it is further,
 

 Ordered that the order dated January 25, 2016, is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The Supreme Court properly denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Aramex New York, Ltd., and Aleksey Kogan (hereinafter together the appellants) on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants’ submissions failed to eliminate all triable issues of fact as to whether the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), and as to whether she sustained serious injuries to her jaw and to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Fils-Aime v Colombo, 152 AD3d 493, 494 [2017]; Sook Houng v Beers, 151 AD3d 995, 996 [2017]; Mangione v Bua, 148 AD3d 799 [2017]). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Che Hong Kim v Kossoff, 90 AD3d 969 [2011]).
 

 The Supreme Court properly denied the defendants’ motion to strike portions of the affirmation and narrative report of the plaintiff’s treating orthopedic surgeon. Contrary to the appellants’ contention, the plaintiff’s treating orthopedic surgeon relied on a theory of causation that has gained general acceptance in the relevant scientific field (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Sforza v Big Guy Leasing Corp., 51 AD3d 659, 661 [2008]; cf. Ratner v McNeil-PPC, Inc., 91 AD3d 63, 71-78 [2011]).
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.