Nash v MRC Recovery, Inc. (2019 NY Slip Op 03975)





Nash v MRC Recovery, Inc.


2019 NY Slip Op 03975


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-02170
 (Index No. 24017/11)

[*1]Lawrence Nash, appellant, 
v
MRC Recovery, Inc., et al., respondents, et al., defendant.


Cox Padmore Skolnik & Shakarchy LLP, New York, NY (Steven D. Skolnik, Stefan B. Kalina, and Sanford Hausler of counsel), for appellant.
Catalano, Gallardo & Petropoulos, Jericho, NY (June D. Reiter and Ian L. Glick of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries and conversion, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), entered January 25, 2016. The judgment, upon an order of the same court dated January 12, 2016, granting that branch of the motion of the defendants MRC Recovery, Inc., and Michael Massian which was for summary judgment dismissing the complaint insofar as asserted against them and, in effect, granting that branch of those defendants' motion which was pursuant to CPLR 3126 to strike the complaint insofar as asserted against them, is against the plaintiff and in favor of those defendants dismissing the complaint insofar as asserted against them.
ORDERED that the judgment is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof dismissing the first cause of action insofar as asserted against the defendants MRC Recovery, Inc., and Michael Massian; as so modified, the judgment is affirmed, with one bill of costs payable to the plaintiff, that branch of the motion of the defendants MRC Recovery, Inc., and Michael Massian which was for summary judgment dismissing the first cause of action insofar as asserted against them is denied, that branch of those defendants' motion which was pursuant to CPLR 3126 to strike the complaint insofar as asserted against them is denied, the first cause of action insofar as asserted against those defendants is reinstated, and the order dated January 12, 2016, is modified accordingly.
On May 16, 2011, the defendant Michael Massian was operating a tow truck owned by the defendant MRC Recovery, Inc., and was in the process of repossessing the plaintiff's car pursuant to a work assignment from the defendant Santander Consumer USA. The plaintiff alleges that he sustained serious injuries when his feet and legs were run over by either the tow truck or his own vehicle while Massian was operating the tow truck. On July 22, 2011, the plaintiff commenced this action asserting a cause of action to recover damages for his injuries and a cause of action alleging that the defendants converted items of his personal property which had been in the repossessed vehicle. In a bill of particulars dated December 12, 2012, the plaintiff alleged, inter alia, permanent injuries to his left ankle. In a supplemental bill of particulars dated October 9, 2014, the plaintiff alleged significant scarring to his left ankle and to his left knee.
On February 26, 2015, the defendants MRC Recovery, Inc., and Massian (hereinafter together the MRC defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds, inter alia, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the incident and that they did not convert the plaintiff's property. The MRC defendants also moved pursuant to CPLR 3126 to strike the complaint insofar as asserted against them, alleging that the plaintiff failed to comply with a discovery order dated October 9, 2014.
In an order dated January 12, 2016, the Supreme Court granted that branch of the MRC defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The Court also, in effect, granted that branch of the motion which was pursuant to CPLR 3126 to strike the complaint insofar as asserted against the MRC defendants. A judgment entered January 25, 2016, upon the order, is in favor of the MRC defendants and against the plaintiff dismissing the complaint insofar as asserted against the MRC defendants. The plaintiff appeals.
The MRC defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The MRC defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to his left ankle under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as one of their experts, an orthopedic surgeon who examined the plaintiff on April 16, 2014, found significant limitations in the range of motion of the plaintiff's left ankle (see Sook Houng v Beers, 151 AD3d 995, 996; Mercado v Mendoza, 133 AD3d 833, 834). The expert measured the range of motion of the plaintiff's left ankle using a goniometer, and found that the ankle had a 25 percent restriction in dorsiflexion, and a 33 percent restriction in plantar flexion. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action insofar as asserted against them.
However, we agree with the Supreme Court's grant of that branch of the MRC defendants' motion which was for summary judgment dismissing the second cause of action, to recover damages for conversion, insofar as asserted against them. The MRC defendants demonstrated, through the deposition testimony of the plaintiff and Massian, that the plaintiff failed to avail himself of the opportunity Massian gave him to retrieve his personal property from the repossessed vehicle (see Elias v Ferri, 46 AD3d 743). Contrary to the plaintiff's contention, the MRC defendants' contention that the plaintiff never attempted to retrieve his belongings was not an affirmative defense that needed to be raised in the answer, since it was not one that would have been likely to take the plaintiff by surprise (see CPLR 3018[b]; Butler v Catinella, 58 AD3d 145, 150).
The Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint insofar as asserted against the MRC defendants (see Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 804, 806). "[A] trial court is given broad discretion to oversee the discovery process" (Castillo v Henry Schein, Inc., 259 AD2d 651, 652). Although actions should be resolved on the merits wherever possible (see Cruzatti v St. Mary's Hosp., 193 AD2d 579, 580), a court may strike the "pleadings or parts thereof" (CPLR 3126[3]) as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court (see Soto v City of Long Beach, 197 AD2d 615, 616; Spira v Antoine, 191 AD2d 219), striking a complaint "is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious or in bad faith" (Harris v City of New York, 211 AD2d 663, 664). Here, the order dated October 9, 2014, directed the plaintiff to provide "unrestricted" authorizations for all treating medical providers within 30 days. In opposition to the MRC defendants' motion, the plaintiff demonstrated that he did provide the requested authorizations, though he did not provide them until December 30, 2014, and restricted them to the date of the accident and thereafter. The plaintiff's delay in compliance did not [*2]warrant the dismissal of the complaint.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court