Mobley v Foster Phillips Funeral Home, Inc. (2019 NY Slip Op 08997)





Mobley v Foster Phillips Funeral Home, Inc.


2019 NY Slip Op 08997


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2015-11930
 (Index No. 27220/11)

[*1]Joseph Mobley, et al., respondents, J. 
v
Foster Phillips Funeral Home, Inc., et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Jackie Gross], of counsel), for appellants Ricardo Record and Melanie Grenald.
O'Connor Redd LLP, Port Chester, NY (Joseph A. Orlando of counsel), for appellants J. Foster Phillips Funeral Home, Inc., and Jerome Leary.
Martin Kanfer, Great Neck, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Ricardo Record and Melanie Grenald appeal, and the defendants J. Foster Phillips Funeral Home, Inc., and Jerome Leary separately appeal, from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered October 20, 2015. The order, insofar as appealed from by the defendants Ricardo Record and Melanie Grenald, granted that branch of the plaintiffs' motion which was for leave to reargue their opposition to those branches of the motion of the defendants Ricardo Record and Melanie Grenald which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Alexander Watson, Michelle Watson, Alexander Watson, Jr., and Omari Watson, on the ground that those plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, which had been granted in an order of the same court dated February 25, 2015, and, upon reargument, vacated that determination in the order dated February 25, 2015, and thereupon denied those branches of the motion. The order, insofar as appealed from by the defendants J. Foster Phillips Funeral Home, Inc., and Jerome Leary, upon reargument, vacated the original determination in the order dated February 25, 2015, granting those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Alexander Watson, Michelle Watson, Alexander Watson, Jr., and Omari Watson, on the ground that those plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and thereupon denied those branches of their motion. Justice Duffy has been substituted for former Justice Hall (see 22 NYCRR 1250.1[b]).
ORDERED that the order entered October 20, 2015, is affirmed insofar as appealed from, with one bill of costs.
The plaintiffs commenced this action to recover damages for personal injuries arising out of a motor vehicle accident. The defendants J. Foster Phillips Funeral Home, Inc., and Jerome Leary (hereinafter together the J. Foster defendants) moved, and the defendants Ricardo Record and Melanie Grenald (hereinafter together the Record defendants) separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result [*2]of the subject accident. In an order dated February 25, 2015, the Supreme Court granted the motions. However, in an order entered October 20, 2015, the court granted reargument and, upon reargument, vacated the order dated February 25, 2015, and thereupon denied the motions for summary judgment. The J. Foster defendants and the Record defendants separately appeal from the order entered October 20, 2015. The defendants subsequently withdrew the appeals insofar as they were taken against the plaintiff Joseph Mobley.
On their separate motions, the defendants, who relied on the same evidence, failed to eliminate triable issues of fact as to whether the plaintiff Alexander Watson sustained a serious injury to his left shoulder, whether the plaintiff Alexander Watson, Jr., sustained serious injuries to the cervical and lumbar regions of his spine, whether the plaintiff Omari Watson sustained serious injuries to the cervical and lumbar regions of his spine, and whether the plaintiff Michelle Watson sustained a serious injury to the lumbar region of her spine, under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Rodgers v Duffy, 95 AD3d 864, 865-866; Fudol v Sullivan, 38 AD3d 593, 594). The defendants also failed to eliminate triable issues of fact as to whether the plaintiff Alexander Watson sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Fils-Aime v Colombo, 152 AD3d 493, 494; Che Hong Kim v Kossoff, 90 AD3d 969). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969).
Accordingly, we agree with the Supreme Court's determination granting reargument and, upon reargument, vacating its original determination in the order dated February 25, 2015, granting those branches of the separate motions of the J. Foster defendants and the Record defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them by the plaintiffs Alexander Watson, Michelle Watson, Alexander Watson, Jr., and Omari Watson, and thereupon denying those branches of the separate motions.
BALKIN, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court